Morris.
1m 17
95 467

# Edward Powell *vs.* The United States.

Omission of an arraignment will be a sufficient ground for reversing a judgment.

BY THE COURT, MASON, CHIEF JUSTICE.—The first error assigned in this case is, that there was no plea pleaded by the defendant below, previous to the trial. It is not absolutely necessary in all cases, that the defendant should actually plead. He will presume to plead not

3

guilty, even if he should stand mute, especially in capital cases.   But it is a general rule that the total want or omission of an arraignment will be a sufficient ground for reversing a judgement—(1 Chitty's Criminal Law, p. 418.)   Had the record stated that the defendant had regularly appeared and pleaded, an arraignment would have been implied by that act.   As, however, there is no evidence, from the record, that the defendant pleaded—that   he was   arraigned—or   that he even personally appeared, the judgment in this case must be reversed.   There are other essential errors,   but the one already examined being sufficient, the others need not be considered.

Judgment reversed.