BENJAMIN DOUGLASS, Plaintiff in Error,

*vs.*

THE STATE OF WISCONSIN, Defendant in Error.

ERROR TO THE JEFFERSON CIRCUIT COURT.

It is the duty of the prosecuting officer of the government to move on the trial of all criminal cases, and to see that the proper issue is made up, by arraignment.

It is the office of arraignment to inform the accused of the nature of the offence with which he is charged, and to obtain his answer, defence or plea.

An arraignment may, in minor offences be waived by the defendant, but a plea is necessary to form an issue.

An issue in a criminal case, cannot be supplied so as to correspond with the verdict where there has no issue been joined.

A verdict in a criminal case, where there has been neither arraignment or plea, is a nullity, and no judgment can be rendered thereon.

*Holmes & Noggle*, for the plaintiff in error.

*Geo. B. Smith*, Att'y General, for defendant in error.

*By the Court*, SMITH, J.   It appears from the record in this case, that, at the October term, A. D. 1853, of the Jefferson Circuit Court, the defendant below was indicted for erecting and maintaining a nuisance; that the said defendant was arrested the 19th day of April, A. D. 1854, and recognized for his appearance to answer said indictment at the April term of said court, 1854.   That at the April term aforesaid, the District Attorney brought on the trial, the defendant being "personally present, and by his counsel consenting to go to trial."   But it does not appear that he was ever arraigned; that the indictment was ever read to him; that he was called upon to plead, or that he did plead to the indictment.   A jury was

empanneled, and witnesses examined on both sides
and the defendant was found guilty. Afterwards, at
the same term, the defendant moved the court to set
aside the verdict and arrest the judgment, on the
ground that he had never read, or heard the indict-
ment read, and had never pleaded, nor been called
upon to plead thereto, and that he had never, in any
manner, waived his right to have the indictment read
to him, or his right to plead thereto.

The record in this case, fails to show any issue
which the jury was called upon to try. It is the
business and duty of the prosecuting officer of the
government, to move on the trial of criminal cases,
and to see that the proper issue be made up. It may
be probable that the defendant in this case was per-
fectly aware of the offence with which he was charged.
It appears that he consented to go to trial. But a
trial of what did he consent to? He was arrested
and held in custody under the process of the court.
It was his right to be informed, and it was the duty
of the government to inform him of the accusation
against him. This is done by arraignment, and
requiring the defendant to plead. It is true, this
right of arraignment may, in minor offences, be waived,
but a plea, an issue, is absolutely essential. Nor can
we supply an issue corresponding to the verdict, when
the record is entirely silent on the subject. This
record does not disclose any matter from which we
can intend the proper issue. Indeed, the bill of excep-
tions shows positively, that there was none, either in
form or substance. It was probably a mere inadvert-
ence, but it is fatal to the proceedings. It would be
a dangerous precedent to hold that the court could
here supply an issue after verdict, or that the defend-

ant had waived his right to a trial of an issue in which he himself had joined, when nothing appears upon the record to show that he had expressly waived such right. *Oliver vs. Judge*, 2 *Stewart*, 488; *Wilkinson vs. Burnett*, 3 *Mun.*, 313; 21 *Wend.*, 175; *Bull. N. P.*, 320; 4 *Humph.*, 243; 3 *Gilman*, 311; *Charlton*, 26; 1 *Alabama R.* 635; 1 *Morris*, 17; 9 *Leigh*, 623; 3 *Mass.*, 126.

The judgment of the Circuit Court is reversed, and cause remanded for further proceedings.