———o———

STATE OF MISSOURI, Respondent, *vs.* FERDINAND SAUNDERS, Appellant.

1. *Criminal law—Failure to plead, fatal after verdict.*—Where, in a criminal proceeding no plea to the accusation is entered on behalf of the prisoner, such fact will prove fatal after verdict. The error cannot then be cured by entry of plea *nunc pro tunc.*

*Appeal from Lafayette Circuit Court.*

*H. C. Wallace,* for Appellant.

I. The court erred in sustaining the motion for an entry of "not guilty"—"*nunc pro tunc.*"

Our Statute, (W. S., 1095, § 5,) peremptorily requires the plea of "not guilty" to be entered for a defendant at the time of, or when he "shall be arraigned upon any indictment" —if he deny the charge in any form, or require a trial, or if he refuse to plead or answer, and in all cases, when he does not confess the indictment to be true. Sec. 1, Art. 11, p. 1101, W. S. provides, that "all issues of fact in any criminal cause, shall be tried by a jury." Until this plea is entered, there is no issue to be tried, and there can be no trial. (Maeder vs. State, 11 Mo., 363; Thomas vs. State, 6 Mo., 457; Ross vs. State, 9 Mo., 687; State vs. Andrews, 27 Mo., 267.) Even when the cause had been tried by the court, the

judgment was reversed, because the plea of "not guilty" was not entered. (*Ib.*, p. 268.)

The case of the State vs. Weber, 22 Mo., 321 in no wise militates against, but confirms and supports the position here taken. There, after the trial had progressed and the State had examined in chief the first witness, it was discovered that defendant had not been formally arraigned. Thereupon, the court ordered that the defendant should be formally arraigned, which was done accordingly; and, thereupon, the defendant pleaded "not guilty." In the case at bar, it was never discovered that the defendant had not been arraigned and had not pleaded "not guilty," until the next day after the jury was discharged, nor until defendant filed his motion in arrest on this and other grounds.

The decision in the case of State vs. Andrews, 27 Mo., 267, later than State vs. Weber, 22 Mo., *supra*, shows, that this court did not intend to dispense with or qualify the requirements of the statute as to this plea of "not guilty." (See also, State vs. Braunschweig, 36 Mo., 397; and State vs. Mathews, 20 Mo., 55.)

The court below had no authority to enter the plea of "not guilty." It did not "judicially appear of record," that defendant had pleaded "not guilty" as required in State vs. Weber, 22 Mo., 321. (Thompson vs. Miller, 2 Stew., 470; Hyde vs. Curling, 10 Mo., 359; 15 Ind., 73; 3 Cal., 255.)

Such facts could not be shown by *parol*, and even that was not done or attempted in this case. (Benford vs. Daniels, 13 Ala., 667; Turner Ex'r., vs. Christy, 50 Mo., 145; Gibson vs. Chouteau's heirs, 45 Mo., 171; 40 Ala., 596.)

*H. Clay Ewing, Attorney General*, for Respondent.

I. It was competent for the court to have the plea of "not guilty," entered after trial. It was at the same term of court. The defendant had gone to trial, and he could by no possibility suffer detriment by the practice. (1 Ch. Cr. Law, 720; Berrian vs. State, 2 Zab., 9; Harman vs. State, 11 Ind., 311.)

II. Defendant exercised his right of challenge, and announced himself ready for trial, and the jury was sworn.

WAGNER, Judge, delivered the opinion of the court.

The accused was indicted for murder in the first degree, and upon a trial, was convicted of the offense of murder in the second degree. After verdict, a motion was made for a new trial, and also in arrest of judgment—both of which motions were overruled. The principal reason assigned in the motion in arrest, was, that the record did not show that the defendant was ever arraigned, or that a plea of not guilty was entered. After this motion was made, the prosecuting officer for the State moved to have a plea of not guilty entered of record, *nunc pro tunc*, which the court sustained. But it is admitted that no arraignment ever took place, and that no plea of not guilty was ever entered upon the record. The statute provides, that when any person shall be arraigned upon any indictment, it shall not be necessary to ask him how he will be tried; and if he deny the charge in any form, or require a trial, or if he refuse to plead or answer, and in all cases when he does not confess the indictment to be true, a plea of not guilty shall be entered, and the same proceedings shall be had in all respects, as if he had formally pleaded not guilty. (2 W. S., p. 1095, § 5.)

It is customary and usual to arraign the prisoner, though this need not be done in the solemn manner that was once thought necessary; (State vs. Braunschweig, 36 Mo., 397,) but in all cases where a trial is required, and there is no confession of the allegations of the indictment, the court must enter a plea of not guilty. This is indispensable to make up the issue upon which the defendant is tried.

In the case of the State vs. Weber, 22 Mo., 321, after the prisoner had announced himself ready for trial, and a witness for the prosecution had been examined in chief, it was discovered that the prisoner had never been arraigned, and by order of the court, he was then arraigned and pleaded not guilty; the jury was re-sworn, and the evidence was then taken and the trial proceeded with, and this was held not to be erroneous.

But there the issues were made up, and the jury re-sworn

before any evidence went to them in the case. In the present case, the prisoner was tried throughout without any issue being framed on which a trial could be had. It is evident there was no issue either in form or substance. It was undoubtedly a mere inadvertence on the part of the prosecuting officer, but it is fatal to the proceedings. And as there was no issue made or entered of record, it was not permissible to supply one after verdict. Such a proceeding would be exceedingly dangerous, and we are not willing to sanction it.

It is argued that the court erred · in the matter of impanneling the jury, but after a careful examination of the question, we have not found any such error as to justify interference in that respect.

The only other point seriously brought to our attention, is the action of the court in giving the instruction, relating to murder in the second degree. The instruction is copied from one approved by this court in the case of the State vs. Joeckel, 44 Mo., 234, and we have seen no reason for changing the opinion therein expressed.

For the error of permitting the · State to enter the plea of not guilty after the verdict was rendered, the judgment will be reversed, and the cause remanded. The other judges concur.