State v. Montgomery.

————o————

STATE OF MISSOURI, Respondent, *vs.* WILLIAM MONTGOMERY, Appellant.

1. *Indictment—Failure to enter the plea—When too late.*—The failure to arraign a prisoner and enter his plea before the jury is sworn, is a fatal omission, and an entry of the plea afterwards is too late.

2. *Rape, attempt to commit—Instruction as to accomplished crime improper, when.*—On the trial of an indictment charging an attempt to commit rape, an instruction that there must be the utmost resistance, and that the same is overpowered, in order to constitute the act of rape, is properly refused, as not authorized by the issues presented.

3. *Rape; attempt to commit—What proof necessary to establish questions for jury.*—An attempt to commit rape is fairly made out, if apparently the means employed are adapted to the end, and there is an apparent physical ability to complete the attempt on the part of the accused; and whether such are the facts is for the jury to determine from the evidence.

*Appeal from Laclede Circuit Court.*

*Ewing, Smith & Pope, with H. B. Johnson,* for Appellant, cited : State vs. Burgdorf, 53 Mo. 65 ; Bish. Crim. Law, § 939, p. 665, and authorities cited in note 7, at foot of page ; State vs. Mathews, 20 Mo. 55 ; State vs. Weber, 22 Mo. 321 ; State vs. Koerner, 51 Mo. 174 ; Meader vs. State, 11 Mo. 363 ; The State vs. Anderson, 27 Mo. 267 ; State vs. Barnes, 59 Mo. 154 ; Hyde vs. Curling, 10 Mo. 359 ; State vs. Saunders, 53 Mo. 234.

*Hockaday, Att'y Gen'l,* for Respondent, cited: 3 Greenl. Ev. § 209 ; 4 Black. Com. 210 ; 1 Russ. Crimes, 675 ; 49 Mo.

396 ; 10 Mo. 676 ; 6 Mo. 211 ; State vs. Weber, 22 Mo. 325 ;
State vs. Braunschweig, 36 Mo. 397 ; State vs. Saunders, 53
Mo. 236 ; Wagn. Stat. 1095, § 5 ; Beman vs. State, 2 Zab. 9 ;
Hannon vs. State, 11 Ind. 311 ; 1 Ch. Crim. Law, 720.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for attempting to commit a rape,
and was convicted of that offense.   The evidence of the prose-
cutrix showed that defendant met the woman in a public road and
made improper proposals to her which she rejected, and that he
then caught her by the arm, and tried to pull her into the woods.
There was other corroborative evidence, and there were also ad-
missions made by the defendant that, if another woman had not
come in sight, he would have accomplished his purpose.

A reversal is asked for because the court improperly refused
to grant the defendant a continuance, because there was error in
giving and refusing instructions, and because defendant was not
arraigned upon the trial and a plea of not guilty entered in his
behalf.   As the judgment will have to be reversed for the latter
ground, it will be unnecessary to notice the action of the court in
refusing the continuance.   But, as the case must be re-tried, it
will be as well to notice the instructions.

The first instruction, given for the State, merely told the jury
that they were the judges of the evidence, the credibility of the
witnesses, of the act committed by the defendant, and of the in-
tent of the act.

The second instruction was to the effect that the jury were to
judge of defendant's intent by the words used by him, the acts
he performed, and all the facts and circumstances shown by the
evidence ; and the substance of the third instruction was, that if
the defendant put his hands on the person of the prosecutrix
against her will, with the intent to commit a rape upon her against
her will, then the jury should find him guilty.

The defendant asked the court to instruct the jury that the
word rape as used in the indictment, and as known in law, was
the carnal knowledge of a woman by a man by force and against
her will, and the crime of rape could only be committed when

there was on the part of the woman the utmost resistance, and the man overpowered such resistance ; and, unless the jury believe from the evidence, beyond a reasonable doubt, that defendant made an assault with the intent to commit the crime of rape, as above defined, there should be an acquittal.

This instruction the court refused, and in lieu thereof, of its own motion, told the jury that the word rape as used in the indictment, and as known in law, was defined as the carnal knowledge of a woman by a man, by force and against her will, and unless the jury believe from the evidence, beyond a reasonable doubt, that defendant made an assault with intent to commit the crime of rape, they should acquit.

The court gave three instructions at the request of the defendant; the first told the jury that they were the judges of the credibility of witnesses ; the second, that the essence of the crime charged consisted in the intent to rape, and that it devolved upon the State to prove such intent affirmatively, and if the jury had a reasonable doubt as to the guilt or innocence of the defendant, they should acquit ; third, that the indictment charged, and the defendant was on trial alone for, an assault with an intent to commit the crime of rape, and that the intent to rape must be proved by the State, and unless it was proved that defendant entertained the specific intent to commit a rape, then the jury should acquit.

The instructions are unobjectionable and leave the defendant no ground for complaint.  The *onus* is cast upon the State throughout, and it requires the establishment of the fact, that the defendant made the assault with the intent to commit the crime.

The court rightfully refused the instruction which told the jury the crime could only be committed when the utmost resistance was used on the part of the woman.   It had nothing to do with the case.   The indictment did not charge the actual perpetration of a rape, and there was no attempt to prove any such act. It was not a matter in controversy.   The court clearly defines the offence charged, and instructed correctly in reference to the assault.   An attempt is a deliberate crime which is begun, but,

through circumstances independent of the will, the action is left unfinished. It is such an intentional, preliminary, guilty act, as will apparently result, in the usual course of natural events, if not hindered by causes outside of the actor's will, in a deliberate crime. (2 Whart. Crim. Law, 7th ed. § 2686.) If the means are apparently adapted to the end, and there is an apparent physical ability to complete the attempt on the part of the attempter, then the case may be fairly made out.

The defendant here was arrested, in his attempt to pull the prosecutrix out of the road into the woods, by the near approach of a lady and her daughter traveling on the highway. He was trying to overcome her resistance, he was using the means to accomplish his purpose, and it was for the jury to say, under all circumstances, whether he was guilty of an attempt to commit the crime with which he stood charged.

But the record clearly shows that when the accused was put upon his trial, there was no arraignment, and no plea entered for him. No issue was made up. Numerous decisions in this court hold that such an omission is fatal. The record shows that there was an arraignment and plea of "not guilty" after the jury were impaneled, and the evidence all in, but the attorney for the defense and the defendant himself made their affidavit that no arraignment at any time took place, and that defendant never pleaded to the indictment. The difference is immaterial; for if we admit the verity of the record, the case for the State is not placed in any better condition.

The arraignment and the prisoner's plea must be the first step in the progress of the trial. They must precede the swearing of the jury and the hearing of the evidence, for till they occur there is no issue to try, and where they are neglected at the proper time, the error cannot be cured subsequently by an entry *nunc pro tunc*. (State vs. Saunders, 53 Mo. 234.)

These negligences on the part of prosecuting officers are becoming a great deal too frequent.

This is the second case which has come to our notice at the present term, where the same point was raised and where the same defect existed. For mere inattention and inadvertence on the

part of the prosecution, this case must be reversed and the State compelled to pay the costs, when otherwise it was well tried, and the verdict was unquestionably righteous.

The judgment will be reversed and the cause remanded. All the judges concur.