21 593
d54 205

VIRGIL ALLYN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** MISDEMEANOR: TRIAL WITHOUT PLEA. Where a defendant is put on trial for a misdemeanor without a plea to the indictment having been entered, it is a mere technical error or irregularity which does not affect any of his substantial rights and affords no ground for reversal of a judgment of conviction. *Vide State v. Hayes*, 24 N. W. Rep., 575.

2. ———: ACCESSORIES. The fact that a defendant was acting as the agent of another in the commission of an offense will afford no excuse or justification for the act in a prosecution therefor.

ERROR to the district court for Dawson county. Tried below before TIFFANY, J.

*G. W. McNamar*, for plaintiff in error.

*Wm. Leese, Attorney General*, for defendant in error.

REESE, J.

Plaintiff in error was indicted for maintaining a nuisance. The trial resulted in a verdict of guilty, and a fine of fifty dollars was imposed. From that judgment he prosecutes error.

There are two principal questions presented for decision:

*First.* The record fails to show that plaintiff in error was arraigned, or that he entered any plea to the indictment, or waived arraignment. It is claimed that the trial in the absence of such plea or waiver was erroneous, and that a new trial should be granted for that reason.

It must be conceded that at common law, both in England and in this country, it is almost universally held that the trial of a party charged with a crime, without plea, is erroneous. But under our system of criminal jurisprudence, as established by the code, the rule seems to be

38

pretty well settled that the omission to enter a plea to an indictment, especially in prosecutions for misdemeanor, is not necessarily fatal where the whole case was tried upon its merits, as upon a plea, and where the party has not been deprived of any of his substantial rights.

In *State v. Greene,* 23 N. W. Rep., 154, Reed, J., in writing the opinion of the court, says: "Treating the proceeding as a trial of defendant on the accusation contained in the indictment, the action of the court in putting him upon trial without a plea having been entered was a mere technical error or irregularity which in no manner affected any of his substantial rights. The fact that no plea had been entered was overlooked by the court and district attorney, through inadvertence, no doubt. The case was treated, however, at every stage of the proceeding, and by all of the parties, as though a plea had been entered. The allegations of the indictment were all regarded as denied by the defendant. The state was required to establish the charge in the indictment by the same character of evidence and with the same certainty which would have been required if the formal plea of not guilty had been entered." The conviction was sustained.

In Maxwell's Criminal Procedure, at page 541, the author says: "A party who personally and by his consent goes into court, practically on a plea of not guilty, should not, after verdict, be permitted to assign as a reason for setting aside the verdict that he was not asked to say whether he was guilty or not guilty before the trial. He has had the benefit of the plea of innocence in his favor and has been prejudiced in no right. Those cases that hold that this right cannot be waived, overlook the difference between the procedure under the code and at common law, where the accused was not allowed a copy of the indictment as a *right*, nor counsel to make his defense; where, in fact, all the machinery of the courts was brought to bear to secure, if possible, his conviction." See also, to the same

effect, *State v. Hayes*, 24 N. W. Rep., 575. *State v. Cassady,* 12 Kas., 550. *Territory v. Shipley*, 2 Pac. Rep., 313.

While the proceeding was irregular, yet there was no prejudicial error, and the judgment cannot for that reason be reversed.

*Second.* It appears that the land upon which the nuisance was maintained was the property of the Brighton Ranch Company and it is contended that plaintiff was only their agent in the commission of the offense, and therefore the company should have been prosecuted if any one, and that this conviction cannot be sustained.

We do not care to discuss the question here, whether the corporation referred to was liable to indictment; nor whether or not a corporation may be indicted in this state, as these questions are not before us in this case. The law of principal and agent has no place in criminal procedure. If another person than a defendant procures him to commit the crime charged, such other person may be prosecuted under the provisions of section one of the criminal code, or as a principal; but we know of no rule of law which will allow the offender committing the criminal act to escape because he was acting as the agent of another. The ruling of the district court upon this part of the case was correct.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.