THE STATE OF MISSOURI, Respondent, v. O. P. HUBBELL, Appellant.

**Kansas City Court of Appeals, December 4, 1893.**

1. **Criminal Law**: ARRAIGNMENT. Where there is no arraignment of the defendant, there must be a reversal of the judgment of conviction.

2. **Carrying Weapon**: SELF-DEFENSE. On the evidence in this case the sole issue to be tried is whether defendant was justified in carrying the pistol in his necessary self-defense, and the instructions should be confined to that issue.

*Appeal from the Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*Geo. Hall* and *Harber & Knight* for appellant.

(1) The court erred in given instruction numbered 1 on the part of the state. Said instruction ignored defendant's theory of the case. *State v. Roberts*, 39 Mo. App. 47. (2) The court erred in refusing to give instructions numbered 3 and 4 on behalf of defendant. *State v. Murray*, 39 Mo. App. 127; *State v. Larkins*, 24 Mo. App. 410. (3) There was no arraignment of defendant in either the justice's court or circuit court, hence this case must be reversed. *State v. Geiger*, 45 Mo. App. 111.

*O. G. Bain* for respondent.

GILL, J.—The defendant was charged, by information filed before a justice of the peace, with carrying, concealed on his person, a pistol, alleged to have been a dangerous and deadly weapon. Being adjudged

guilty he appealed to the circuit court, where on a trial by jury he was convicted, and now appeals to this court.

I. It appears from the record that defendant was not arraigned nor did he plead to the charge contained in the information. This must be held as fatal to the judgment. Until an arraignment, and plea entered, there was no issue to try.

*State v. Saunders,* 53 Mo. 234; *State v. Montgomery,* 63 Mo. 296; *State v. Geiger,* 45 Mo. App. 112; *State v. West,* 84 Mo. 440.

II. Since this case must be remanded for a new trial we will add that we can see but one real question to be tried by the jury. The evidence, without contradiction, shows that the defendant at the time was carrying a concealed deadly weapon. It was a loaded revolver, and he himself testifies that it was being carried by him for use as a weapon. The accused then was apparently violating the statute prohibiting the carrying of concealed weapons. Section 3502, Revised Statutes, 1889. The only question is, was he justified in carrying the pistol under the provisions of section 3503, which states that "it shall be a good defense to the charge of carrying such weapon, if the defendant shall show that * * * he had good reasons to carry the same in the necessary defense of his person, home, or property." There was some evidence tending to establish such defense, and which, too, the court properly submitted to the jury under instruction number 1, given at defendant's instance. The one instruction given for the state; together with defendant's number 1 was all the law that seems to have been required. Under the evidence shown in the record defendant's number 2 should have been refused.

Judgment reversed and cause remanded. All concur.