C. H. BROWNING v. STATE OF NEBRASKA.

FILED MARCH 17, 1898.   No. 9717.

1. Criminal Law: ARRAIGNMENT. A judgment of conviction of felony cannot stand where there was no arraignment of, and plea by, the accused before the trial.

2. ———: ———. *Allyn v. State*, 21 Neb. 593, distinguished.

3. ———: ———. When it is discovered during the trial on the charge of a felony that there has been no arraignment and plea, the court should not proceed with the trial without arraigning the accused, entering his plea, and causing the jury to be resworn and the witnesses to be re-examined.

ERROR to the district court for Gage county. Tried below before STULL, J. *Reversed.*

*L. W. Colby*, for plaintiff in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

NORVAL, J.

This was a prosecution by information filed in the court below, by the county attorney, charging the prisoner with the crime of burglary. Upon the trial the accused was found guilty, a motion for a new trial and also a motion in arrest of judgment were filed and overruled, and he was sentenced by the court to imprisonment in the penitentiary for a term of years. A reversal

is asked because the defendant was not arraigned, and
no plea was entered to the information by him, or in his
behalf, prior to the commencement of the trial. This
court held, in *Barker v. State,* 54 Neb. 53, that it was
indispensable to the validity of a conviction of a felony
that the record affirmatively show the accused, before
trial, was arraigned, and that he pleaded to the informa-
tion or indictment, or, in case he stands mute or refuses
to plead, that the court entered the plea of not guilty
for him. A re-examination of the question satisfies us
that the conclusion then reached is sound and should be
adhered to. In addition to the authorities mentioned in
the opinion in that case the doctrine announced is sus-
tained by the following: *State v. Hughes,* 1 Ala. 655;
*Childs v. State,* 97 Ala. 49; *Bowen v. State,* 98 Ala. 83;
*People v. Corbett,* 28 Cal. 328; *McJunkins v. State,* 10 Ind.
140; *Rockey v. State,* 19 Ind. 225; *Tindall v. State,* 71 Ind.
314; *Bowen v. State,* 108 Ind. 411; *Miller v. People,* 47 Ill.
App. 472; *Gould v. People,* 89 Ill. 216; *Parkinson v. People,*
135 Ill. 401; *State v. Epps,* 27 La. Ann. 227; *State v. Ford,*
30 La. Ann. 311; *State v. Christian,* 30 La. Ann. 367; *State
v. Revells,* 31 La. Ann. 387; *State v. Hunter,* 43 La. Ann.
156; *Wilson v. State,* 42 Miss. 639; *State v. Hubbell,* 55 Mo.
App. 262; *State v. Saunders,* 53 Mo. 234; *State v. Barnes,*
59 Mo. 154; *State v. Montgomery,* 63 Mo. 296; *State v. Agee,*
68 Mo. 264; *State v. Vanhook,* 88 Mo. 105; *Early v. State,* 1
Tex. App. 248; *McFarland v. State,* 18 Tex. App. 313;
*Roe v. State,* 19 Tex. App. 89; *Jefferson v. State,* 24 Tex.
App. 535; *Munson v. State,* 11 S. W. Rep. [Tex.] 114;
*Sperry v. Commonwealth,* 9 Leigh [Va.] 261; *Elick v. Wash-
ington Territory,* 1 Wash. Ter. 136; *Douglas v. State,* 3 Wis.
820; *Crain v. United States,* 162 U. S. 625. There are a
few decisions which hold that an arraignment and plea
may be waived by the prisoner in all except capital cases,
but such decisions, for the most part, were rendered
under statutes different from ours. Some courts have
decided, among others our own, the mere placing the
defendant on trial without arraignment or a plea to the

indictment will not work a reversal of a conviction for a misdemeanor. (*Allyn v. State*, 21 Neb. 593.) Whether that decision is right or wrong we are not called upon to decide, since the scope of the opinion is limited to trials for misdemeanors. It has no application to prosecutions and convictions for felonies.

This record shows that, after the jury had been impaneled and sworn and the testimony of two witnesses on behalf of the state had been taken, the defendant, over his objection and exception, was arraigned, and refusing to plead, the court entered for him a plea of not guilty. It is argued that this cured the error committed by the failure to have the defendant arraigned and plead before entering upon the trial. We do not think so. The statutes of this state contemplate that these steps shall precede the trial. The object of requiring an arraignment and plea in a criminal case is to inform the accused of the nature of the charge against him, and to make up an issue for trial. Until a plea of not guilty is entered, there is no issue of fact for the jury to determine. If the arraignment and plea may take place during the progress of the trial, with the same propriety the defendant can be arraigned and his plea entered after verdict and at the time the court passes sentence. There can be no valid trial for a felony without an arraignment and plea before the trial is entered upon.

In Clark's Criminal Procedure, section 128, it is said: "Not only is the arraignment necessary, but the plea is equally so, for without a plea there can be no issue to try. And the fact of arraignment and plea must appear on the record. By weight of authority, the arraignment and plea must precede the impaneling and swearing of the jury. An omission thereof cannot be cured by an arraignment and plea after the trial has commenced." Numerous authorities are cited in the note which sustain the text.

In 1 Bishop, Criminal Procedure, section 733, the rule is stated thus: "Without plea there can be no valid trial.

It is so even though the defendant went voluntarily and without objection to trial, knowing there was no plea. It must be before the jury are sworn; afterward the plea is too late."

Collier, C. J., in *State v. Hughes*, 1 Ala. 657, observed: "The idea of selecting and swearing a jury to try a case which, in its progressive steps, has not reached the stage when it is triable, is a perfect anomaly. The oath administered to the jury related to the present time, and cannot authorize them to try a case which is afterwards placed in a condition for trial; until the prisoner was called upon for his plea, it could not be known whether there would be an issue of fact for the jury, or what the issue, if any, might be. The prisoner, instead of submitting the question of his guilt, might have pleaded in abatement, or have presented to the court legal objections to the indictment."

In *Parkinson v. People*, 135 Ill. 401, the defendant was convicted of rape. The jury was impaneled and sworn, and one witness was partly examined, when it was discovered that there was no arraignment or plea. The defendant was thereupon arraigned, a plea of not guilty was interposed, and the trial proceeded without reswearing the jury. It was held the verdict and judgment were erroneous, because the arraignment and plea did not precede the selection and swearing of the jury, and that the arraignment made and plea entered during the trial did not purge the record of the error.

*Crain v. United States*, 162 U. S. 625, was a conviction for forgery, and a reversal was sought on the ground that there had been no formal arraignment and plea before the beginning of the trial. The record showed the appearance of the prosecuting attorney; the appearance of the accused in person by his counsel; an order by the court that a jury come "to try the issue joined;" the selection of the jury which were "sworn to try the issue joined and a true verdict render;" the trial, verdict of guilty and judgment entered thereon. The conviction

was reversed, because it did not affirmatively appear that the defendant was formerly arraigned or that he pleaded to the indictment before trial.   Mr. Justice Harlan delivered the opinion of the court, and after reviewing the authorities on the question, said: "Without citing other authorities we think it may be stated to be the prevailing rule, in this country and in England, at least in cases of felony, that a plea to the indictment is necessary before the trial can be properly commenced; and that unless this fact appears affirmatively from the record the judgment cannot be sustained.   Until the accused pleads to the indictment and thereby indicates the issue submitted by him for trial, there is nothing for the jury to try; and the fact that the defendant did so plead should not be left to be inferred from a general recital in some order that the jury were sworn to 'try the issue joined.'   The record should be a permanent memorial of what was the issue tried, and show whether the judgment whereby it was proposed to take the life of the accused or to deprive him of his liberty, was in accordance with the law of the land.   `*   *   *   Where the crime charged is infamous in its nature, are we at liberty to guess that a plea was made by or for the accused, and then guess again as to what was the nature of that plea? *   *   *   We are of opinion that the rule requiring the record of a trial for an infamous crime to show affirmatively that it was demanded of the accused to plead to the indictment, or that he did so plead, is not a matter of form only, but of substance in the administration of the criminal law; consequently, such a defect in the record of a criminal trial is not cured by section 1025 of the Revised Statutes, but involves the substantial rights of the accused.   It is true that the constitution does not, in terms, declare that a person accused of crime cannot be tried until it be demanded of him that he plead, or unless he pleads, to the indictment.   But it does forbid the deprivation of liberty without due process of law; and due process of law requires that the accused plead,

or be ordered to plead, or, in a proper case, that a plea of not guilty be filed for him, before his trial can rightfully proceed; and the record of his conviction should show distinctly, ånd not by inference merely, that every step involved in due process of law, and essential to a valid trial, was taken in the trial court; otherwise the judgment will be erroneous."

In *State v. Montgomery*, 63 Mo. 296, it was decided that the failure to arraign a prisoner and enter his plea before the jury is sworn, is reversible error, and that the entry of a plea afterwards is too late. (See *Early v. State*, 1 Tex. App. 248; *State v. Hunter*, 43 La. Ann. 157; *People v. Corbett*, 28 Cal. 328; *Douglass v. State*, 3 Wis. 820; *Territory v. Brash*, 32 Pac. Rep. [Ariz.] 260; *State v. Baker*, 57 Kan. 541.)

The attorney general has cited cases* which are in conflict with the above, but we decline to follow them. After the accused was arraigned the jury should have been resworn and the witnesses already examined should have been re-examined. Had this been done the omission of the arraignment and plea before the selection of the jury would not have been available. (*Weaver v. State*, 83 Ind. 289; *State v. Weber*, 22 Mo. 321; *Disney v. Commonwealth*, 5 S. W. Rep. [Ky.] 360.) For the error indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

*Allyn v. State*, 21 Neb. 593; *State v. Greene*, 23 N. W. Rep. [Ia.], 154; *State v. Hayes*, 24 N. W. Rep. [Ia.], 575; *Territory v. Shipley*, 2 Pac. Rep. [Mont.], 313; *Morris v. State*, 30 Tex. App. 95; *Cordova v. State*, 6 Tex. App. 207; *Smith v. State*, 1 Tex. App. 408; *Jacobs v. Commonwealth*, 5 Serg. & R. [Pa.], 317; *Fernandez v. State*, 7 Ala. 512; *State v. Jones*, 70 Ia. 505; *State v. Glave*, 51 Kan. 330; *State v. Vanhook*, 88 Mo. 105; *United States v. Molloy*, 31 Fed. Rep. 19; *People v. Osterhout*, 34 Hun [N. Y.] 262; *People v. Bradner*, 107 N. Y. 1; *People v. M'Hale*, 15 N. Y. Supp. 499; *United States v. McKee*, 4 Dill. [U. S.] 10; *Bateman v. State*, 64 Miss. 233; *Ransom v. State*, 49 Ark. 176.