THE STATE v. ELWOOD VAUGHN, Appellant.

**Division Two, November 23, 1909.**

1. **TRANSCRIPT: Matters of Record and Exception.** On appeal the transcript should show that matters of record proper are kept distinct from the bill of exceptions.

2. **ARRAIGNMENT.** A trial cannot proceed against a prisoner for an offense for which he has not been arraigned and to which he has not pleaded guilty. And if he was arraigned under the first information and pleaded not guilty, his conviction under an amended information without an arraignment and plea, cannot stand.

3. ————: **Matter of Record.** The arraignment and entering of defendant's plea are matters which must be entered on the record proper, and are not matters of mere exceptions. The record proper on appeal must show defendant's arraignment.

4. **EVIDENCE: Res Gestae.** Narratives of statements made by the prosecutrix after the offense was committed and she had disconnected herself with it, are no part of the *res gestae*, and are not admissible.

5. ————: **Insane Patient: Competency.** A patient in an insane hospital is presumed to continue insane, and is not competent to testify to the conduct towards her of a defendant charged with an attempt to commit a rape, nor can other persons testify statements made by her after the occurrence had ended.

Appeal from Callaway Circuit Court.—*Hon. David H. Harris,* Special Judge.

REVERSED AND REMANDED.

*I. W. Boulware* and *D. W. Herring* for appellant.

(1)   Plea in criminal case is matter and part of record proper and not matter of exception. State to use v. Griffith, 63 Mo. 548; Batason v. Clark, 37 Mo. 31; Sheridan v. Railroad, 56 Mo. App. 68.   (2)   The records must affirmatively show that defendant was arraigned and made plea (or plea entered by direction of the court). State v. West, 84 Mo. 440; State v. West, 84 Mo. 440. The arraignment and the defendant's plea must be the first step in the progress of the trial. State v. Montgomery, 63 Mo. 296; State v. Pickets, 65 Mo. 481; State v. Agee, 68 Mo. 264; State v. Taylor, 111 Mo. 448; State v. Walker, 119 Mo. 467; State v. Williams, 117 Mo. 379.   (3)   The original information in the case was filed in the Callaway County Circuit Court on the eighteenth of September, 1908. On December 7, 1908, defendant was arraigned and plead not guilty to said information. On December 14, 1908, the prosecuting attorney by leave of court, filed a new information in this case, to which he attached his affidavit, and upon this information defendant was tried, if tried at all. There was no plea made or entered to said new information at any time. When the prosecuting attorney filed said information by leave of the court, he dismissed and abandoned said original information, to which defendant had made plea the original had no longer vitality, life or power. It was dead. It requires the same proceedings to secure a conviction under an amended new information that it does in case of original.   (4)   The party, Mrs. Arnold, whose statements went to the jury in response to what occurred on the night of the alleged burglary, was not a competent witness, nor were her statements competent evidence. She was insane and of unsound mind. R. S. 1899, sec. 4659.   (5)   It would be profaning the sanctity of an oath to tender it to one who had no present sense of the obligations it imposes.

It would be a scandal to the administration of justice to allow for a moment the rights of individuals to be jeopardized by the testimony of one laboring under the unfortunate condition of unsoundness of mind or insanity. Hartford v. Palmer, 16 N. Y. 142; Livingston v. Kienstedd, 10 N. Y. 362. (6) All of the statements of Mrs. Arnold were mere hearsay; not legal or competent (even had she been a competent witness). State v. Bateman, 198 Mo. 212. On all fours with this case. 30 A. and E. Ency., pp. 935-6, and notes; State v. Jones, 61 Mo. 232; 3 Greenleaf, Ev. (2 Ed.), sec. 213; Wharton, C. L. (6 Ed.), sec. 1150; Stephens v. State, 11 Ga. 225.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) There is nothing before the court for review. The papers sent to the clerk of this court are headed and entitled ''Bill of exceptions.'' No transcript appears. The same is neither a bill of exceptions nor a transcript. The bill is not identified or authenticated. After the information is set out, immediately follow matters of record and exceptions so intermingled that it is difficult to determine what is matter of record and exception. From the abstract everything appears as part of the bill of exceptions, which contains not only the evidence, findings, rulings, exceptions, motions for a new trial and in arrest, but also all of what purports to be the entries in the record proper, including the sentence. There is nothing to show the record entries, except as they appear in the bill of exceptions. Under these circumstances, there is nothing before the court for review. Bower v. Daniel, 198 Mo. 317; St. Charles ex rel. v. Deemer, 174 Mo. 122; Butler County v. Graddy, 152 Mo. 441; Ricketts v. Hart, 150 Mo. 64; Lawson v. Mills, 150 Mo. 428; West Co. v. Glasner, 150 Mo. 420; Crossland v. Admire, 149 Mo. 650; Walser v. Wear, 128 Mo. 652; Ferguson v.

Thatcher, 79 Mo. 511; Pope v. Thompson, 66 Mo. 661; McGrew v. Foster, 66 Mo. 30; Stark v. Zehnder, 204 Mo. 449. (2) The motion for new trial must be filed within four days after the verdict, and the filing of such motion must be shown by the record proper. In this case it is not shown by record entries of the record proper, as before stated, everything is intermingled with the purported bill of exceptions, and the motion for a new trial cannot be considered by this court. State v. Maddox, 153 Mo. 471; Greenwood v. Parlin, Orendorff, 98 Mo. App. 408; Turney v. Ewins, 97 Mo. App. 622; State v. Roberts, 191 Mo. 204; Crossland v. Admire, 149 Mo. 650; Lawson v. Mills, 150 Mo. 428; State v. Heflin, 191 Mo. 178; Kirk v. Kane, 97 Mo. App. 556; Hill v. Combs, 92 Mo. App. 242; Perry & Gordon v. Coffee and Spice Co., 98 Mo. App. 409. (3) Appellant assigns as error that defendant was tried without arraignment or plea. In a purported bill of exceptions, on page 6, is found the following: "Comes the defendant, in open court, with counsel, files his motion to quash the information herein, waives formal arraignment and enters his plea of not guilty." This is sufficient. Section 2561, R. S. 1899. The appellant made no objection to the filing of the amended information, and cannot now complain. Sec. 2481 R. S. 1899; State v. Emerson, 188 Mo. 412. The arraignment must be shown by the record proper. There being no transcript filed of the record proper, there is nothing before the court to be considered. The presumptions are in favor of the record proceedings of the trial court. Furthermore, appellant cannot be heard to complain after verdict. Sutton v. Commonwealth, 85 Va. 133. (4) Appellant contends that Mrs. Arnold's statements were incompetent evidence for the reason that she was at the time insane, and for the further reason that she, as the prosecutrix, did not testify. This complaint was made by Mrs. Arnold as soon as the witnesses found her lying in the parlor of the

hospital in a scared and frightened condition and only a few minutes after she had left her room when she saw the negro in the window, which frightened her. She was then laboring under her disturbed condition of mind. This evidence was clearly admissible as a part of the *res gestae* and also as being a recent complaint of the attempted rape. State v. Patrick, 107 Mo. 163; State v. Warner, 74 Mo. 86; 3 Greenleaf Ev., sec. 213, p. 210; Wharton's Crim. Ev. (7 Ed.), 273; Underhill on Crim. Ev., sec. 409, p. 468; Proctor v. Commonwealth, 20 S. W. 214.

GANTT, P. J.—Defendant was convicted by a jury in the circuit court of Callaway county of an attempt to commit rape, and his punishment assessed at six years in the penitentiary. On motion his punishment was reduced to three years in the penitentiary and he was sentenced accordingly. From that judgment he has appealed to this court. The transcript is in a most unsatisfactory shape and we must again admonish both counsel and the clerks of the circuit and criminal courts to see that the transcript shall show that the matters of record proper are kept distinct from the bill of exceptions, as was pointed out in Stark v. Zehnder, 204 Mo. 449. However we have gone through the record and have concluded that there is sufficient therein to indicate what is record proper and that which is in the bill of exceptions.

It appears that on January 9, 1908, an affidavit was made before J. B. Hyde, a justice of the peace, charging the defendant with the crime of burglary, and on January 29, 1908, there was a preliminary hearing of the said charge which resulted in the justice holding the defendant to answer before the circuit court at its next regular term in May, 1908, to the said charge. The transcript was duly filed with the clerk of the circuit court and at the said May term, 1908, the grand jury investigated the charge and reported

"not a true bill." Afterwards on the 18th of September, 1908, the prosecuting attorney filed with the clerk of the circuit court an information charging the defendant in two counts with the charge of burglary in feloniously breaking into State Hospital Number One located at Fulton, Missouri, in the first count with intent to make an assault upon one of the inmates therein, and in the second with the intent to take, steal and carry away the goods and chattels belonging to the State in said hospital then and there kept. In due time a motion to quash was filed and overruled and thereupon the defendant was arraigned and entered his plea of not guilty, on December 7, 1908. Afterwards on December 14, 1908, by leave of court, the prosecuting attorney filed a new information, which was also in two counts. On the 7th of January, 1909, and during the said December term, 1908, David H. Harris, Esq., was duly elected and qualified as special judge of the said circuit court and on the 8th of January 1909, defendant was put upon trial upon the said amended information, and the jury failed to agree and were discharged, and the cause was continued until the first day of February, 1909, on which day it was set down for trial on Wednesday the 3rd day of February, and on the last mentioned day the jury was impaneled, selected and sworn, and after hearing the evidence returned their verdict finding the defendant guilty under the first count in the information and assessing his punishment at six years in the penitentiary. In due time he filed his motions for new trial and in arrest of judgment which were heard and overruled, and thereupon on motion his punishment was reduced to three years in the penitentiary and he was sentenced accordingly.

I. The first assignment of error is that the defendant was tried upon the amended information without having been arraigned or any plea entered by him

or in his behalf by order of the court. A careful examination of the record discloses that this is true and no suggestion has been made on the part of the State that the transcript is defective in that respect.

There is in our criminal practice no proposition better settled, by a long line of precedents, than that a trial cannot proceed against a prisoner for an offense for which he has not been arraigned and to which he has not pleaded guilty. Time and again it has been ruled that where the record in this court shows no arraignment, the judgment must be reversed. [State v. Saunders, 53 Mo. 234; State v. Boatright, 182 Mo. 1. c. 52; State v. Williams, 117 Mo. 379; State v. Walker, 119 Mo. 467; State v. West, 84 Mo. 440.]

The arraignment and the entering of a plea is a matter which must be entered upon the record proper and is not a matter of mere exception. For this error alone, if no other, the judgment must be reversed and the cause remanded.

II. Inasmuch as the judgment must be reversed and it may be the cause will be tried again, we have concluded we should express our opinion upon the admissibility of the testimony of Mrs. Bruner and Miss Peters as to statements made to them by Mrs. Arnold during the night or early morning of January 4, 1908, and after she was found out of the room she usually occupied. These statements were in no sense a part of the *res gestae*. They were clearly narrative of a past transaction. They were hearsay. More than this, if Mrs. Arnold, under the showing made in this record, had been offered as a witness, she would have been incompetent for the reason that she was insane. Having been shown to be insane and committed to the hospital for the insane, the presumption is that she continued insane at the time she made the statements attributed to her. [30 Amer. and Eng. Ency. 935 bb; Hottle v. Weaver, 206 Pa. St. 87.] Without this evi-

dence there was little if anything tending to establish the charge of which the defendant was found guilty, and it is apparent that this testimony was hurtful in the extreme.

Other propositions for reversal are advanced by the learned counsel for the defendant but they are such as can be readily avoided on another trial if it shall be deemed advisable to prosecute the cause further. For the errors noted the judgment is reversed and the cause remanded. *Burgess* and *Fox, JJ.*, concur.