THE STATE v. W. J. HARRIS, Appellant.

Division Two, February 12, 1910.

NO ARRAIGNMENT. Where the record fails to show an arraignment of defendant or the entry of any plea in the cause, a judgment of conviction must be reversed.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*W. S. C. Walker* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

The record does not show an arraignment of appellant on the second information. Sec. 2561, R. S. 1899, requires that all defendants must be arraigned and required to plead before being put upon trial, or a plea entered by the court on the refusal of such defendant to plead. We see no escape from a reversal of the case at bar, although it may mean that a guilty defendant will avoid a just punishment. The fault is not one of this department, neither is it of this court, as we must brief the records as they are sent here from the courts below. State v. Vaughn, 223 Mo. 149. Appellant should have been arraigned on the second information, and such arraignment must be shown by the record proper.

FOX, J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of the Dunklin Circuit Court, convicting the defendant of the crime of rape.

On October 5, 1905, W. R. Hall, the then prosecuting attorney of Dunklin county, filed in the circuit court of said county an information charging defendant with the crime of rape, on one Rosa Harris, alleged to be the daughter of defendant. The record further discloses that a *capias* was thereafter issued, defendant was arrested, and on December 1, 1905, waived formal arraignment and entered a plea of not guilty. On December 2, 1905, defendant was tried for said crime and by a jury was found guilty, and his punishment assessed at twenty years' imprisonment in the State penitentiary. On December 7, 1905, defendant filed a motion for new trial, and said motion was overruled on November 28, 1906. On November 28, 1906,

defendant filed a motion in arrest of said judgment, and said motion in arrest was, on said date, sustained. On November 28, 1906, said prosecuting attorney filed a new information, charging appellant with said crime. In the first information filed the prosecuting attorney failed to charge that said information was filed "upon his oath of office," and for that reason it was evidently held to charge no offense against defendant. After the filing of the second information a second *capias* was issued, defendant was arrested, and on May 11, 1907, was tried and by a jury found guilty, and his punishment assessed at 25 years' imprisonment in the State penitentiary. The record does not show an arraignment of defendant on the second information.

With these disclosures of the record it is unnecessary to make a statement of the evidence developed upon the trial, for the reason that in the absence of an order of record showing an arraignment of the appellant upon the information upon which he was tried, the judgment of the circuit court must be reversed.

We have carefully examined in detail the disclosures of the record as presented in this court, and we are unable to find anywhere in such record where the defendant was arraigned upon the charge preferred against him.

With commendable frankness on the part of the Attorney-General it is conceded that there is no escape from a reversal of the judgment rendered in this cause.

In the recent case of State v. Vaughn, 223 Mo. 149, it was expressly ruled by this court, in harmony with the long line of decisions in this State upon this subject, that it is essential in order to sustain a judgment that the record must show an arraignment upon the charge preferred and the entering of a plea to such charge.

As before stated, the record fails to show any arraignment or the entry of any plea in this cause; therefore, the judgment of the circuit court should be reversed and the cause remanded, and it is so ordered. All concur.