WILLIAM G. SMITH V. WIGTON & WHITHAM.

[FILED OCTOBER 26, 1892.]

1. Pleadings: AMENDED SUPERSEDE ORIGINAL. Defendant having filed an answer to the petition, and plaintiff thereupon filing an amended petition, to which defendant answers without making the original answer part of the second answer, the case stands for trial on the amended pleadings, and the original pleadings are disregarded.

2. Action for Money Had and Received: DEFENSE UNDER CONTRACT MUST BE PLEADED. Where the defendant claims money as due him under a contract with the plaintiff, he must plead the facts showing his right to retain the same.

3. ——: PLEADINGS: GENERAL DENIAL: FACTS IN ISSUE. In an action in substance for money had and received, a general denial only puts in issue the receipt of the money.

ERROR to the district court for Madison county. Tried below before NORRIS, J.

*H. C. Brome,* for plaintiff in error.

*J. B. Barnes, contra.*

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendants to recover the sum of $3,500.47 with interest and costs. The amended petition is as follows:

"Comes now the plaintiff and by order of court files this his amended petition, and for cause of action against the defendant states:

"First—That on or about the 23d day of March, 1888, the defendant received from the clerk of the district court of Platte county, Nebraska, the sum of ten thousand seven hundred and ninety-five and $\frac{25}{100}$ dollars to and for the use of plaintiff.

"Second—That on or about the 2d day of April, 1888, and before the commencement of this action, plaintiff demanded an accounting, settlement, and payment thereof from the defendants.

"Third—That the defendants have failed to account for or pay over to said plaintiff any part of said sum except the sum of $7,668.50, leaving a balance still due, owing, unpaid, and not accounted for to this plaintiff, amounting to three thousand one hundred twenty-six and $\frac{75}{100}$ dollars, which last named sum the defendants refuse to pay plaintiff.

"Fourth—That said defendants did not obtain said money from said clerk of the district court of Platte county, Nebraska, under or by virtue of any contract with this plaintiff.

"Wherefore plaintiff prays judgment against the defendants for the sum of three thousand one hundred and twenty-six and $\frac{75}{100}$ dollars, and interest thereon at seven per cent per annum from March 23, 1888, and the costs of suit."

It appears that prior to the filing of the amended peti-

tion, the plaintiff had filed a petition in which he did set out in substance a contract of employment of the defendants, and that they had prosecuted the suit to judgment, and collected thereon the sum of $10,795.28, forty per cent of which was to be retained as attorney fees; that they had paid the plaintiff the sum of $5,225, leaving a balance due the plaintiff of the sum of $1,251.67, with interest and costs.

The answer to the amended petition is a general denial. In the first answer the contract is denied, but it is alleged that the plaintiff was unable to pay the expenses of the suit, and that the defendants loaned the plaintiff money to pay the same, to-wit, the sum of $344.30, which sum was to be deducted from the amount of the plaintiff's judgment. They also allege that instead of forty per cent of the judgment they were to have fifty per cent. We are unable to see any benefit the parties can derive from the original pleadings. Where amended pleadings are filed, the case is tried upon the amended pleadings alone. (*Bank v. Telegraph Co.*, 30 O. St., 555; Maxw., Code Pl., 583.) An amended answer supersedes the first answer. (*Reihl v. Likowski*, 33 Kan., 515.)

Second—The issue presented by the amended pleadings is the receipt and retention of more than $3,000 of plaintiff's money by the defendants. The proof clearly shows that they collected more than $10,000 on a judgment recovered in favor of the plaintiff and that they still retain more than $3,000. If this is retained in pursuance of a contract to that effect it should be pleaded. It is properly a matter of defense as a justification by the defendants for retaining the money. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.