WILLIAM BROWN v. WILLIAM R. RITNER.

FILED JUNE 6, 1894.    No. 5262.

1. **Review: ERROR PROCEEDINGS: MOTION FOR NEW TRIAL.** The supreme court, upon a petition in error, will not examine the question of the sufficiency of the evidence to support either the findings of a court or the verdict of a jury, unless such question has been first presented to the trial court by a motion for a new trial and a decision obtained thereon.

2. **Motion for New Trial: TIME TO FILE.** Such a motion, except upon the ground of newly discovered evidence, must be filed within three days after the verdict or decision was ren-

dered, unless the party was unavoidably prevented from making the same in time.

3. **Review: Judgments: Trial Docket Entries.** This court cannot consider entries made upon the trial docket of the district court for the purpose of ascertaining what was decided in the court below. The approved journal entry of a judgment is indisputable evidence of what the judgment was.

ERROR from the district court of Lincoln county. Tried below before CHURCH, J.

*Grimes & Wilcox*, for plaintiff in error.

*T. Fulton Gantt* and *James M. Ray*, contra.

NORVAL, C. J.

This was an action in replevin by William Brown against William C. Ritner, for the recovery of a horse, which plaintiff claimed by virtue of a chattel mortgage executed by the owner of the animal. The defendant claims the right of possession by virtue of a contract made with the owner of the horse for his keep. The defendant won in the court below, and the plaintiff prosecutes a petition in error, alleging that the verdict is contrary to law and the evidence.

The question we are asked to decide is, whether the lien of the agister is paramount to the lien of plaintiff's chattel mortgage, and this cannot be determined without an examination of the evidence in the bill of exceptions. We cannot review the sufficiency of the evidence to support the finding and judgment, because no motion for a new trial has been passed upon by the trial court. The insufficiency of the evidence to support the verdict of a jury, or the findings of a court, is specially named in section 314 of the Code of Civil Procedure as one of the grounds for a new trial, and in order to review the evidence, by petition in error, a motion for a new trial, alleging the insufficiency of the evidence, must be presented to the dis-

trict court and a ruling obtained thereon. This proposition is well established by repeated judicial utterances of this court. (*Cropsey v. Wiggenhorn,* 3 Neb., 108; *Carlow v. Aultman,* 28 Neb., 672; *Jones v. Hayes,* 36 Neb., 526; *Withnell v. City of Omaha,* 37 Neb., 621.) It is due the trial court, as well as to litigants, that every opportunity should be afforded for the examination and correction of errors while the case is pending in the court below, where the same can be reviewed with but little expense or delay. For this purpose the legislature has authorized the filing of a motion for a new trial, and it must be presented to, and passed upon by, the trial court before the decision can be reviewed by this court on error. The journal entry of the judgment found in the transcript shows that the cause was tried to the court, without a jury, on June 19, 1891, and was taken under advisement, and that on the 10th day of November, following, a judgment for the plaintiff in due form was rendered. The transcript also contains a copy of a motion for a new trial, indorsed "Filed December 9, 1891." We must assume that this motion is still pending in the district court. If it has ever been passed upon, the copy of the journal entry fails to disclose it. The trial docket of the district court contains this entry in the case under date of December 7, 1891 : "Plaintiff granted leave to file motion for a new trial. Motion overruled. Exception. Forty days from rising of court to perfect bill of exceptions." This memorandum, made by the trial judge upon his docket, is not competent evidence to show that the motion in question was denied. (See *Ward v. Urmson,* 40 Neb., 695.) That the notes made upon the judge's docket are not always reliable is fully verified in this case by the affidavit of the judge who presided in the court below, and which is attached to the bill of exceptions. The trial docket states, in substance, that judgment was rendered in favor of the plaintiff, while the journal entry and the affidavit referred to show that the judgment was for the de-

fendant.    Again, the court journal contradicts the trial docket as to the date of the rendition of the judgment. The latter shows that it was entered on December 7th, while the former recites that it was given on November 10th.    The judgment, as actually spread at length on the journal of the court, controls.    This being true, the motion for a new trial, in any event, could be of no avail, since it was not filed until December 9th, or twenty-nine days after the rendition of the judgment.    The statute requires that a motion for a new trial, except for newly discovered evidence, must be filed within three days after the verdict or decision was rendered. (Code, sec. 316.)    The provision of the statute is mandatory. (*Fox v. Meacham,* 6 Neb., 530; *Roggencamp v. Dobbs,* 15 Neb., 620; *Aultman v. Leahey,* 24 Neb., 286; *Davis v. State,* 31 Neb., 240; *McDonald v. McAllister,* 32 Neb., 514; *Fitzgerald v. Brandt,* 36 Neb., 683.    The judgment is

AFFIRMED.