HORNICK, HESS & MOORE, APPELLANTS, V. MARTIN
MAGUIRE, APPELLEE.

FILED APRIL 7, 1896.   No. 6459.

·1. **Review: JUDGMENTS: JOURNAL ENTRIES.** This court will
not· review a judgment rendered by the district court
prior to the formal entry of such judgment upon the
journal of the trial court. (*Ward v. Urmson,* 40 Neb., 695.)

2. ———:. ———: ———. A memorandum of a judgment made
by a judge of the district court upon his trial docket will
not authorize a review thereof in this court before the
extension of such judgment upon the journal of the dis-
trict court, in apt language and in due form. (*Ward v.
Urmson, supra.*)

APPEAL from the district court of Cedar county.
Heard below before NORRIS, J.

*Miller & Ready* and *J. S. Lothrop,* for appellants.

*J. C. Robinson* and *Benjamin M. Weed, contra.*

RYAN, C.

Appellants in their brief state that they
brought suit in the district court of Cedar county
to recover $468.37, and that by virtue of a writ of
attachment the sheriff levied upon and attached
a small stock of drugs, the property of the defend-
ant, of the estimated value of about $1,000.   It
may be that these statements are true.   It is un-

Little v. Gamble.

fortunate, if such is the case, that they were not evidenced by the record which begins with a copy of "An Inventory of, and Claim for Exemption," in support of which is found attached the affidavit of Martin Maguire. Following this affidavit is found an "Answer to Affidavit of Defendant for Exemption," verified upon belief. There is next found a transcript of what is denominated, "Trial Docket, Judge's Entries," from which it appears that the application for exemption was sustained, to which plaintiffs excepted, as they likewise did to an order overruling a motion for a new trial. The above facts shown by the "Judge's Entries," appear in the journal entry, in which, however, there is no final judgment. The entry of the presiding judge in his trial docket of the words "Judgt. for plaintiff for $468.—On $103.55, int. 10 per cent.—On $364.52, int. 7 per cent," does not amount to and cannot take the place of a final judgment. (*Ward v. Urmson*, 40 Neb., 695; *Brown v. Ritner*, 41 Neb., 52; *Garneau v. Omaha Printing Co.*, 42 Neb., 847.) This proceeding is therefore

DISMISSED.