WILLIAM E. BARKER v. STATE OF NEBRASKA.

54   53
54  204

FILED MARCH 3, 1898.   NO. 9720.

1. Criminal Law: TRANSCRIPT FOR REVIEW. The transcript in this
case shows, with sufficient clearness, that an information was
filed against the accused in the court below during the term at
which he was required to appear, and that the trial was had upon
an amended information presented at a subsequent term of the
court.

2. ———: JURISDICTION. The absence of jurisdiction of the district
court will not be presumed, but must affirmatively appear from
the face of the record.

3. ———: COPY OF INFORMATION. In a prosecution for a felony the
accused is entitled, by section 436 of the Criminal Code, to a copy
of the amended information, and one day to prepare for trial, but
these requirements he may waive.

4. ———: AMENDED INFORMATION: ARRAIGNMENT. A conviction under
an amended information charging a felony will not be sustained
where the record does not affirmatively disclose that the accused
was arraigned, and that he pleaded before trial.

5. Review: TRANSCRIPT: ENTRIES ON TRIAL DOCKET. Entries made
upon the trial docket of the district court cannot be considered on
review for the purpose of ascertaining what were the proceedings
in that court.

6. Criminal Law: COUNTS: SENTENCE. If a single offense is charged
in different counts of an information, and there is a conviction on
each count, but one sentence can be imposed.

ERROR to the district court for Dawes county.  Tried
below before WESTOVER, J.   Reversed.

J. H. Broady and Tibbets Bros., Morey & Ferris, for plain-
tiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

NORVAL, J.

This was a prosecution for the crime of perjury. The amended information contains five counts, each charging the defendant with having on May 21, 1896, willfully, feloniously, and corruptly given certain false testimony in a cause pending in the district court of Dawes county, wherein the accused was plaintiff and the Chicago, Burlington & Quincy Railroad Company was defendant. Upon the trial the accused was found guilty under each count, and was sentenced to the penitentiary for two years on the first count and one year on each succeeding count. The sentences were directed to be carried into execution in their respective order, the one to begin immediately upon the expiration of the next preceding one.

It is urged that no information was filed within the time prescribed by law; hence the district court was without jurisdiction to try and sentence. It is disclosed by the record that the defendant waived a preliminary examination before a justice of the peace on May 27, 1896, and was required to enter into a recognizance in the sum of $800 for his appearance forthwith before the district court of Dawes county, the regular April term thereof being in session. In default of bail a mittimus was issued, and the accused was committed thereunder to the county jail. The information upon which the trial was had was filed on December 2, 1896, a day in the October term of the district court. The argument is that under section 389 of the Criminal Code an information should have been filed at the term of court to which defendant was held to answer, and it was not so filed; hence the defendant was entitled to be discharged, he then being held in the county jail. The clerk of the district court certified up the amended information alone. It does, however, appear from the supplemental tran-

script before us that an information was filed against the defendant in this cause in the court below during the said April term.  A copy of such information, it is true, is not contained in the transcript, but the clerk has certified that the original contains the following indorsements:

"THE STATE OF NEBRASKA,  }
      DAWES COUNTY.           }   ¯  .

"I hereby certify that on the 29th day of May, 1896, I served the within notice of information by delivering to William E. Barker in person a true and certified copy of the within information.       ARTHUR M. BARTLETT,
                                                        "*Sheriff.*

"Arraigned May 29, 1896, at 9:50 o'clock P. M., and entered his plea of not guilty.        B. F. CARLY,
                                                        "*Clerk.*

"Bail fixed at the sum of $500.       W. L. GREEN,
                                                        "*Judge.*"

Section 436 of the Criminal Code authorizes a sheriff to serve a copy of an information on the accused, and sections 451 and 452 of said Code require the plea of a defendant of either "guilty" or "not guilty" to an indictment to be entered thereon.   But the failure to indorse the plea is not fatal.  (*Preuit v. People,* 5. Neb. 380.) Those sections are applicable to informations, and the certified copy of the indorsements of the clerk and sheriff respectively above set forth is sufficient evidence that an information was filed against the defendant as early as May 29, 1896, or two days after the defendant had waived a preliminary examination before the justice.   Moreover, the clerk of the trial court certifies that it is an amended information which is included in the transcript and which was filed December 2.   The record not only fails to establish that an information was not lodged against the accused in the district court during the term at which he was required to appear, but it repels any such inference.   It is clear that the entry by the clerk of the defendant's plea of not guilty upon the back of the first information could not have been made on May 27, 1896,

unless an information had been previously filed. The
absence of jurisdiction of the district court will not be
presumed, but must affirmatively appear from the face
of the record itself.

It is asserted that the court erred in placing the de-
fendant on trial without arraignment, or plea to the
amended information. The record shows that the jury
was selected to try the cause the same day the amended
information was filed, and the journal entry of the pro-
ceedings in the court below fails to show that the ac-
cused was ever called upon to plead, or that he did plead,
to said information; that he stood mute, or refused to
plead, and a plea of not guilty was entered for him. Under
section 436 of the Criminal Code the defendant was en-
titled as a matter of right to a copy of the amended in-
formation, and one day in which to prepare for trial.
(*Zink v. State*, 34 Neb. 37.) But these were rights ac-
corded him by the statute which he could waive, and the
presumption is that he has done so, since it does not
appear that any objection was made in the district court
to proceeding to trial, because of a want of compliance
with the above statutory command. The Criminal Code
requires, in prosecutions for felonies, that the accused be
arraigned, and that his plea to the indictment or informa-
tion be taken and entered. (Secs. 448-453.) Section 451
provides that when any person upon the arraignment
"offer no plea in bar, he shall plead 'guilty' or 'not guilty;'
but if he plead evasively, or stand mute, he shall be taken
to have pleaded 'not guilty.' " It is obvious that in every
case where a trial upon an indictment or information is
required, a plea of not guilty must be entered by the
court, since this is essential to the formation of the issue
upon which the accused is tried. Without such plea be-
ing entered of record there was nothing for the jury to
pass upon. A conviction of a felony cannot be sustained
where the record fails to show that the accused was ar-
raigned, and that he pleaded to the accusation before
trial. (*Barley v. State*, 1 Neb. 385; *State v. Williams*, 117

Mo. 379; *Johnson v. People*, 22 Ill. 318; *Aylesworth v. People*, 65 Ill. 301; *Hoskins v. People*, 84 Ill. 87; *Davis v. State*, 38 Wis. 487; *State v. Wilson*, 42 Kan. 587; *Ray v. People*, 6 Colo. 231; *People v. Moody*, 69 Cal. 184; *Grigg v. People*, 31 Mich. 471; 2 Ency. Pl. & Pr. 761.)

The transcript contains a certified copy of the judge's notes made on the trial docket in this cause under date of December 2, as follows: "County attorney asks leave to file a new information. Leave granted. Deft. excepts. Defendant William E. Barker arraigned in open court on new information. Information read to him by county attorney, to which he plead not guilty." Possibly, if there had been indorsed on amended information the plea of the defendant, such entry would have been sufficient to have supplied the omission to incorporate the plea in the journal entry, because the statute authorized and required the plea to be indorsed on the information. But it is clear that such omission is not cured by the foregoing entry appearing on the trial docket. POST, J., in speaking of such entries in *Gage v. Bloomington Town Co.*, 37 Neb. 701, observed: "Although it is customary for the judge to enter in the trial docket or calendar notes or minutes of the orders made, such entries are not made pursuant to the requirement of any statute and are not, strictly speaking, parts of the record of the court. They are rather memoranda for the use of the judge and clerk in making up the record. It is provided by section 27, chapter 19, Compiled Statutes, entitled 'Courts,' that the clerk shall keep a record of the proceedings under the directions of the judge, which shall, when the business of the court does not prevent, be made up before the opening of the next day, and that the first business of each day shall be the reading of the record of the preceding day, and when found correct to be signed in open court. The record therein contemplated, when once made up, is the legal and authentic evidence of the proceedings of the court, and cannot in any appellate proceeding be contradicted or impeached by the entries in

the trial docket." It is firmly established that upon review the journal entries of the trial court are conclusive evidence of its proceedings, and that the minutes upon the trial docket cannot be considered in the appellate court for the purpose of ascertaining what was done in the court below. (*Chicago, B. & Q. R. Co. v. Anderson*, 38 Neb. 112; *Ward v. Urmson*, 40 Neb. 695; *Brown v. Ritner*, 41 Neb. 52; *Weander v. Johnson*, 42 Neb. 117; *Hornick v. Maguire*, 47 Neb. 826; *Church v. Callihan*, 49 Neb. 542.) In *Brown v. Ritner, supra*, it was ruled that entries on trial docket could not be resorted to on review to ascertain what the ruling was on a motion for a new trial, where the journal entry in the cause was silent on the subject. The copy of the journal entry in the case at bar purports to give a correct history of the proceedings in the court below, and cannot be contradicted by reference to the minutes of the judge on the trial docket. If the journal entry is erroneous, the appropriate remedy is to have the proper correction made in the court where the proceedings occurred.

There is another fatal error in the proceedings, which necessitates a reversal. The information, although in five counts, charges a single offense—the commission of perjury on a given date in a certain cause—yet a separate sentence was imposed under each count. This was manifestly erroneous, since a single offense was charged. That a person testifies falsely relative to three matters on the same day, during the trial of the cause, does not constitute three crimes. But one oath was taken and broken by the accused. A single crime was committed, and but one sentence should have been imposed. (*In re Walsh*, 37 Neb. 459; *Griffen v. State*, 46 Neb. 282.) If the only error related to the sentence, the cause would be remanded for proper sentence; but for error committed in proceeding to trial upon the amended information without an arraignment and plea, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.