### · IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1899.

PRESENT:

Hon. T. O. C. HARRISON, Chief Justice.
Hon. T. L. NORVAL, } Judges.
Hon. J. J. SULLIVAN, }
Hon. ROBERT RYAN, }
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE, }

WIGTON & WHITHAM v. WILLIAM G. SMITH.

FILED JANUARY 5, 1899.  No. 10335.

57 299
57 509
57 299
a61 717

1. **Partnership**: PLEADING. A petition filed in this cause *held* to be a declaration against the individual members of a firm, and not against the partnership. (*Hanna v. Emerson*, 45 Neb. 708.)

2. ———: ACTION AGAINST FIRM: AMENDMENT OF PETITION: LIMITATION OF ACTIONS. The suit was instituted against the partnership, and during its pendency a petition was filed in which the suit was changed to one against the individual members of the firm. *Held*, That the prior pleadings were of no further effect, and there was an abandonment or a discontinuance of the action against the firm. The time within which an action on the claim might be instituted had expired at the time of the occurrences above set forth, a subsequent amendment of the petition to make it run against the firm was ineffectual, and the bar of the statute of limitations a forceful defense as against this last petition.

(299)

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Reversed.*

*Wigton & Whitham*, for plaintiffs in error.

*Brome & Burnett* and *Mapes & Hazen, contra.*

HARRISON, C. J.

The defendant in error commenced an action against the partnership of Wigton & Whitham to recover an amount alleged to be due him from the firm. On review by this court of a judgment rendered in the district court the judgment was reversed and the cause remanded. The decision at that time will be found reported in 35 Neb. 460. The suit was again tried in the district court and a second time presented to this court in an error proceeding, and the judgment reversed and the cause remanded. For report of the opinion see 46 Neb. 461. When it again reached the district court there was filed for defendant in error an amended petition, in which the declaration was against "Frank P. Wigton and George L. Whitham, partners doing business in the state of Nebraska under the firm name and style of Wigton & Whitham." This was filed January 12, 1897, and after a demurrer and a motion had been filed and a disposition made of each on June 16, 1897, another amended petition was filed in which the party against whom the pleadings ran was the firm of Wigton & Whitham. To this a general demurrer was interposed and on hearing overruled. Then an answer was filed in which the bar of the statute of limitations was asserted. A trial resulted in a judgment for the defendant in error and the case has been for the third time submitted to this court for review.

The right of action accrued on or about March 30, 1888, and it is now argued for plaintiffs in error that the amended petition of January 12, 1897, was one by which the action was changed to one against the individual members of the partnership, and an abandonment or

Wigton v. Smith.

discontinuance of the action against the partnership; and that the petition filed June 16, 1897, which was directed against the partnership, and not the individual members thereof, worked an abandonment of the pleading against the individuals of the firm; that when the petition of January 12, 1897, was filed, and the action against the partnership distinctively was abandoned, it became barred by the statute of limitations, and without life. The petition filed January 12, 1897, was against the individual members of the partnership, and not against the firm. It was in effect a statement of a separate and distinct action from the one originally commenced, which was against the firm under the provisions of section 24 of the Code of Civil Procedure, which allows a suit to be instituted against a firm by the name which it has assumed or is known. In the cause of Emerson against Hanna the petition declared against "Robert Hanna and J. M. Shugar, a firm doing business under the firm name of Hanna & Shugar," and it was held in an error proceeding to this court that it was an action against the individuals, and not the partnership; that statement of the partnership relation in the petition was merely *descriptio personæ*. (See *Hanna v. Emerson*, 45 Neb. 708.) When the amended petition of January 12, 1897, was filed in the case at bar the original complaint against the partnership ceased and lost its effect as a pleading; a discontinuance of the action against the firm was worked; and as more than four years had elapsed, such action was barred and no relief could be granted against the partnership on the complaint of June 16, 1897. (*La Societe Francaise De Bienfaisance Mutuelle v. Weidemann*, 32 Pac. Rep. [Cal.] 583; *Bassett v. Fish*, 75 N. Y. 303; *New York State Monitor Milk Pan Ass'n v. Remington Agricultural Works*, 89 N. Y. 22.) It follows that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.