HENRY BURROUGHS V. STATE OF NEBRASKA.

FILED OCTOBER 17, 1913.   No. 18,112.

Criminal Law: ARRAIGNMENT.   Under section 448 of the criminal code, a conviction of a felony will not be sustained where the defendant enters his objection after the verdict, unless the record affirmatively discloses that the accused was arraigned, and that he pleaded to the information or indictment before the trial.   *Barker v. State*, 54 Neb. 53; *Browning v. State*, 54 Neb. 203.

ERROR to the district court for Gage county: LEANDER M. PEMBERTON, JUDGE.   *Reversed.*

*S. D. Killen,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

HAMER, J.

The plaintiff in error was tried in the district court for Gage county and found guilty of burglary in breaking into a car belonging to the Rock Island Railroad Company and in stealing therefrom ten sacks of sugar of the value of $61, the property of Eugene S. Stevens.   The petition in error alleges that section 448 of the criminal code was disregarded in the trial because the accused was not arraigned.   That section reads: "The accused shall be arraigned by reading to him the indictment, unless, in cases of indictments for misdemeanors, the reading shall be waived by the accused by the nature of the charge being made known to him, and he shall then be asked whether he is guilty or not guilty of the offense charged." Attention is also called to that part of section 451 of the criminal code which provides: "If upon the arraignment the accused offer no plea in bar, he shall plead 'guilty' or 'not guilty;' but if he plead evasively, or stand mute, he shall be taken to have pleaded 'not guilty.' " This court in *Barker v. State,* 54 Neb. 53, held that section 448 of the

criminal code must be complied with and could not be disregarded.

In *Browning v. State,* 54 Neb. 203, the former opinion is followed by an exhaustive opinion containing many authorities. The opinions referred to were delivered by Judge NORVAL. Since the delivery of these opinions, the legislature has been in session several times and has not repealed the sections in question. If it had desired to repeal the same, it would no doubt have done so. It is argued with a considerable degree of force in the brief of the attorney general that the defendant could waive the statute, and that he has in effect done so by neglecting to raise the question before his trial and conviction. The sections quoted seem to place the burden upon the court to make a record and show that the provisions of section 448 have not been disregarded. In the face of these sections of the criminal code, we are without power to declare the trial a valid and proper trial, although we may feel that no actual injury has been done to the defendant.

In *Barker v. State, supra,* it is said in the fourth paragraph of the syllabus: "A conviction under an amended information charging a felony will not be sustained where the record does not affirmatively disclose that the accused was arraigned, and that he pleaded before trial."

In *Browning v. State, supra,* it is said in the third paragraph of the syllabus: "When it is discovered during the trial on the charge of a felony that there has been no arraignment and plea, the court should not proceed with the trial without arraigning the accused, entering his plea, and causing the jury to be resworn and the witnesses to be re-examined." In the body of the opinion in the *Browning* case it is said: "This court held, in *Barker v. State,* 54 Neb. 53, that it was indispensable to the validity of a conviction of a felony that the record affirmatively show the accused, before trial, was arraigned, and that he pleaded to the information or indictment, or, in case he stands mute or refuses to plead, that the court enter the plea of not guilty for him. A re-examination of the

question satisfies us that the conclusion then reached is sound and should be adhered to." The court then cites a long list of cases, after which it remarks: "There are a few decisions which hold that an arraignment and plea may be waived by the prisoner in all except capital cases, but such decisions, for the most part, were rendered under statutes different from ours." It is further said: "The object of requiring an arraignment and plea in a criminal case is to inform the accused of the nature of the charge against him, and to make up an issue for trial. Until a plea of not guilty is entered, there is no issue of fact for the jury to determine. * * * There can be no valid trial for a felony without an arraignment and plea before the trial is entered upon."

In Clark, Criminal Procedure, sec. 128, it is said: "In the arraignment the defendant must be called to the bar of the court, the indictment must be distinctly read to him, and he must be asked whether he pleads guilty or not guilty. If he stands mute, and obstinately refuses to answer, a plea of not guilty is entered for him by the court. * * * Not only is the arraignment necessary, but the plea is equally so, for without a plea there can be no issue to try."

In 2 Bishop, New Criminal Procedure (2d ed.) sec. 733, subd. 4, it is said: "Without plea, there can be no valid trial. It is so even though the defendant went voluntarily and without objection to trial, knowing there was no plea. It must be before the jury are sworn; afterward, the plea is too late."

If we apply the rule as above laid down to the instant case, it must be said that, as the defendant did not have the complaint read to him and did not plead to it, therefore no issue was ever tried.

In *Bowen v. State,* 98 Ala. 83, the court said: "The record nowhere shows that the defendant pleaded to the indictment, or that the court interposed the plea of 'not guilty' for him, or that issue was joined on plea." The judgment was reversed.

In *People v. Corbett*, 28 Cal. 328, it is said: "A verdict, in a criminal case, where there has been neither arraignment nor plea, is a nullity, and no valid judgment can be rendered thereon."

In *Bowen v. State*, 108 Ind. 411, the court said: "Where the record in a criminal cause fails to disclose affirmatively that a plea to the indictment was entered, either by or for the defendant, such record on its face shows a mistrial, and that the proceeding was consequently erroneous, to say the least."

In *Parkinson v. People*, 135 Ill. 401, it is said in the first paragraph of the syllabus: "The arraignment and plea of the defendant   *   *   *   are essential to the forming of an issue, without which there is nothing to try, and nothing on which to base a verdict or judgment."

In *State v. Ford*, 30 La. Ann. 311, it is said in the syllabus "that a plea on his behalf should be filed to the indictment found against the accused, that the failure to file such a plea will vitiate the proceedings, and justify the setting aside of the verdict."

In *Jefferson v. State*, 24 Tex. App. 535, it is said in the body of the opinion: "It is nowhere made to appear that the defendant pleaded to the charge in the information, nor that a plea to the same was entered for him. Without a plea there was no issue to try."

In *State v. Vanhook*, 88 Mo. 105, it was said of the failure to arraign the defendant: "This is a fatal error, and it is for the legislature, and not for this court, to change the law on the subject."

In *Wilson v. State*, 42 Miss. 639, the court said: "The defendant cannot waive his arraignment, nor can he plead by attorney. The plea by attorney is no plea."

In *Crain v. United States*, 162 U. S. 625, it was said: "Until the accused pleads to the indictment and thereby indicates the issue submitted by him for trial, there is nothing for the jury to try."

So far as we have made an examination of the cases cited by the attorney general, there is a difference in the

proceedings or a difference in the statute, so that the cases are not in point.

Section 448 of the criminal code is not applicable to indictments and informations for misdemeanors. The section itself specifically provides that the arraignment may be waived in such cases. That the legislature intended that there should be no waiver in case of indictments and informations charging felonies is apparent from the language of the section. If we disregard the expressed will of the legislature, we substitute the views of the court in place of the legislative enactment. This we decline to do.

In the face of the uniform holding of this court, supported as it is by the great weight of authority, we do not feel like overruling the decisions of the court contained in *Barker v. State* and *Browning v. State, supra.* The judgment of the district court is reversed and the case remanded.

REVERSED.

FAWCETT, J., concurring.

The language of section 448 of the criminal code is plain, unambiguous, and mandatory, and the construction placed upon it in *Barker v. State,* 54 Neb. 53, and *Browning v. State,* 54 Neb. 203, is clear and explicit. If the code is to be amended, such amendment should be made by the legislature, and not by the court.

SEDGWICK, J., concurring.

I concur in this decision solely because it seems to be required by the statute, which will admit of no other construction, and the statute was enforced in an early decision of this court which has been subsequently followed. Many courts that adopted such a technical rule in the absence of a controlling statute have since changed their views, and I think have done wisely in so doing. When the defendant is prosecuted by information and not by indictment, a copy of the information is required by our statute to be served upon him before the trial. He is al-

ways represented by counsel; there is nothing secret or hidden in the proceedings taken against him in open court, and if he goes to trial without objection, and does not ask for any further information as to the charge against him until after the trial is over, and he has been fully heard upon all matters alleged and urged against him, it seems unreasonable to set aside the whole proceeding upon an immaterial technicality. The court, however, is powerless to remedy the matter. The statute is unequivocal. It says (criminal code, sec. 448): "The accused shall be arraigned by reading to him the indictment." This is followed by the provision that, *in case of misdemeanor,* it may be waived by the accused. This provision, as a part of the same section, that it may be waived in misdemeanor cases makes it conclusive that the legislature's intention was that it could not be waived in felony cases, and, although this plain statute was reluctantly enforced by the court many years ago, the legislature is manifestly satisfied with the technical rule which it has established. No change and, so far as I know, no attempt to change the statute has been made. If the statute was at all ambiguous, and would admit of any other construction, the court might conclude that a rule more in harmony with the policy of the courts in modern times was intended by the legislature. But as it is, if the court should overturn this rule, it would be the rankest kind of judicial legislation. The decisions of courts in other jurisdictions where the legislature has not decided the matter are of no use in ascertaining the duty of this court under this statute and those long-standing decisions enforcing it.

LETTON, J., dissenting.

I most earnestly dissent from the conclusion in this case. It seems to me to be a blind adherence to a bad precedent, and that the court now has an opportunity to take a better stand.

The record shows that an information was filed charging the appellant with burglary; that a true and certified copy of the information was served upon the accused; and that at his request the case was continued to the next term of court. At the next term defendant again requested and procured a continuance, and at the next succeeding term the cause was tried. Instruction No. 2 states to the jury that the defendant "has been arraigned on said information and has pleaded not guilty," etc., but no journal entry shows this to be the case. Not until. after the verdict of guilty had been rendered was the complaint made that he had not been arraigned. So far as the journal shows, the only thing lacking was the reading aloud of the information in open court, and the request for him to plead. The trial was conducted in all respects as if this had been done. I cannot agree to the doctrine that one who for months before the trial had been in possession of a copy of the information with the names of the witnesses indorsed thereon, who repeatedly requests and secures continuances, appears with his counsel on the day of the trial, takes part in selecting and impaneling the jury, and thereafter produces witnesses in his own behalf, and submits his case to the jury after argument by his counsel, has not waived the formality of having the information read to him and an entry made by the court that he pleaded not guilty, or stood mute. It seems to me that such a rule permits and encourages trifling with the administration of justice. Of course, the reason for arraignment is to let the accused be fully informed as to the charge which he is called upon to meet, but this had already been done by the service of the information upon him. The accused has suffered no injury to any substantial right, and his conviction should not be set aside for the lack of such an empty form. The more modern and better rule is announced in a very recent case in Michigan, *People v. Weeks*, 130 N. W. 697 (165 Mich. 362): "The presence of accused in court through a trial of a felony case upon the merits, repre-

sented by counsel, who failed to call attention to the omission of arraignment and plea, was a waiver of accused's right thereto."

It is true that in the *Browning* and *Barker* cases this court, some 15 years ago, adhered to the doctrine established in the days when the accused seemed to have no rights, when the whole machinery of the law seemed designed for the purpose of conviction, and when courts were prone to establish technical rules, and require strict compliance therewith, in order to aid persons probably innocent, but handicapped in their defense, and subject to harsh punishment out of all proportion to the gravity of the crimes charged. But, the more modern and sounder doctrine also finds support in this court in the case of *Allyn v. State,* 21 Neb. 593. It is true that the conviction was for a misdemeanor, but in support of the decision the case of *State v. Greene,* 66 Ia. 11, where the accused was convicted of a felony, is quoted from at length, apparently with approval, and Maxwell, Criminal Procedure, p. 541, is also quoted, a portion of the excerpt being as follows: "A party who personally and by his counsel voluntarily goes into court, practically on a plea of not guilty, should not, after verdict, be permitted to assign as a reason for setting aside the verdict that he was not asked to say whether he was guilty or not guilty before the trial. He has had the benefit of the plea of innocence in his favor and has been prejudiced in no right." Before the *Barker* case was decided, many courts took the contrary view to the rule then stated. Since that time other courts have seen the light and have declined to adhere to decisions so contrary to the spirit of the reformed procedure.

The supreme court of Wisconsin, in *Hack v. State,* 141 Wis. 346, directly overruled several cases in that state holding to the ancient rule. In the opinion of Chief Justice Winslow, and the concurring opinion of Justice Marshall, sound and weighty reasons are given for the decision. I commend a reading of these opinions to those interested in the question.

It is given, in the majority opinion, as one of the reasons for the conclusion that the sections of the criminal code prescribing that the accused shall be arraigned, and the manner of entering his plea to the indictment, have not been repealed, though the legislature has been in session several times since the *Barker* and *Browning* cases were decided. This argument is fallacious. No one contends that these sections should be repealed. They apply to the trial of all classes of criminals subject to prosecution by indictment, but the accused, at least in cases not capital, should be held to have waived these, as he may other requirements of the criminal code.