PETE WOZNIAK v. STATE OF NEBRASKA.

FILED SEPTEMBER 27, 1919.    No. 20945.

1. Intoxicating Liquors: INFORMATION. An information which charges only that the accused kept intoxicating liquors "for unlawful purposes" is too indefinite to charge a felony under section 11, ch. 187, Laws of 1917.

2. Criminal Law: INFORMATION, SERVICE OF COPY. In prosecutions for felony, the statute requires that a copy of the information be served upon the defendant at least one day before the trial.

3. ——: ——. When defendant objects to going to trial because no copy of the information has been given him, and the objection is overruled without any suggestion that such copy has been served, such ruling cannot be sustained unless the record affirmatively shows such service.

4. ——: ——. If the briefs do not quote nor refer to such evidence in the record, the court will not presume that such evidence exists.

5. ——: ARRAIGNMENT. A judgment of conviction for felony will not be affirmed unless the record shows that the accused was arraigned and given an opportunity to plead before the trial began. (Letton, Dean, and Aldrich, JJ., dissent.)

6. ——: INSTRUCTIONS: DEGREES OF GUILT. Under section 56, ch. 187, Laws 1917, the first and second offenses are misdemeanors with different penalties attached, and the third offense is a felony. In a prosecution for felony under the act, the defendant may be acquitted of the felony but convicted as for a first or second offense. The instructions should be given upon that theory, especially when the evidence as to former offenses is more doubtful than as to the principal offense charged.

ERROR to the district court for Douglas county: WILLIS
G. SEARS, JUDGE.  *Reversed.*

*Jamieson & O'Sullivan,* for plaintiff in error.

*Clarence A. Davis, Attorney General, George W. Ayres*
and *J. B. Barnes, contra.*

SEDGWICK, J.

The defendant was convicted and sentenced to the
penitentiary for a term not exceeding two years, under
section 56, ch. 187, Laws 1917. The original information
charged the defendant with keeping intoxicating liquors
"at a place other than his private dwelling house,"
which would be criminal under section 11 of the act.
When the evidence developed that the liquor was kept
at his dwelling house, the prosecution asked to amend
the information by striking out those words and adding
the words "for unlawful purposes." This was objected
to, but the amendment was allowed. Section 11 provides
that no person shall keep intoxicating liquors in his
dwelling house "in an amount more than is reasonably
sufficient for his personal use and needs." The violation
of this provision was not charged in the information,
and it is not stated in the briefs under which provision
of the statute the words, "for unlawful purposes,"
were inserted in the information. The language of the
information in this regard is not as definite as is general-
ly used in charging a felony.

Section 9080, Rev. St. 1913, provides: "Within twenty-
four hours after the filing of an indictment for felony,
and in every other case on request, the clerk shall make
and deliver to the sheriff, the defendant or his counsel
a copy of the indictment, and the sheriff on receiving
such copy shall serve the same upon the defendant, and
no one shall be, without his assent, arraigned or called
on to answer to any indictment until one day shall have
elapsed, after receiving in person or by counsel, or
having an opportunity to receive a copy of such indict-
ment as aforesaid."

The first objection presented is that the defendant was not served with any copy of the information. As this was a prosecution for a felony, the statute is mandatory that the defendant must be served with such copy, and that he cannot be put upon trial until one day after such service. The brief of the state says: "The record shows that defendant was served in due time with a copy of the information;" but no reference is made to the place in the record where this is found, and we have not observed it. In *Preuit v. People,* 5 Neb. 377, it is said that failure to enter the prisoner's plea. on the back of the indictment is not ground for the reversal of the judgment "when the plea is contained in another part of the record." This indicates the reasonable rule that the record must show affirmatively the compliance with those provisions of the statute that are intended to secure to the defendant a fair trial. The defendant objected at the time, "for the reason that no copy of the information was served upon the defendant in this case 24 hours previous to this trial." The court overruled the objection without any suggestion from any one that the information had been properly served upon the defendant, and then the court suggested, "I suppose there should be a plea of some kind here," and the prosecuting attorney said; "I don't know whether he has been arraigned in this court." The defendant then objected to "being arraigned at this time, for the reason the jury has already been picked and sworn to try this case." The court then entered upon the record this statement: "Let the record show that the jury has been examined and sworn and the statements made, the defendant not having been arraigned, and under objection to the arraignment the court enters a plea of not guilty for him."

"A judgment of conviction of felony cannot stand where there was no arraignment of, and plea by, the accused before the trial." *Browning v. State,* 54 Neb. 203. The counsel for the prosecution seemed to have

overlooked the fact that they were trying this man for an alleged felony, and that it was necessary to observe the rules of law intended for the protection of the accused in such cases.

Under the statute, the first and second offenses are misdemeanors with different penalties attached, and the third offense is a felony. The information specified the dates on which it was alleged the defendant was convicted of the former offenses charged. The court submitted the case to the jury on the theory that they must either find him guilty of the third offense constituting the felony, or find him not guilty. This was erroneous. When the evidence is clear of the particular offense charged, but is doubtful as to prior offenses, the rights of the defendant might be prejudiced by such an instruction.

There are other errors discussed in the briefs, but they may be covered by the general observation that, in prosecutions for violations of the prohibitory statute, the constitutional rights of the defendant, and the established law for enforcing, those rights, must be observed, so far at least as not abrogated by express provisions of the statute. There is nothing in this statute to the effect that prosecutions for felony under its provisions are to be entirely without the ordinary safeguards of the rights of the accused.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.

CORNISH, J., concurring.

While I have always believed that the ancient procedure, requiring the arraignment of an accused man before putting him to trial, was the only fair or legal method, yet I have also thought that there was no good reason, under modern conditions, why the accused (the law permitting it) may not waive arraignment. Our system of criminal jurisprudence, in its care to protect the rights and liberties of the citizen, had the

rule that without the plea there could be no valid trial.
This state has a statute upon the subject, section 9092,
Rev. St. 1913, as follows: "The accused shall be ar-
raigned by reading to him the indictment, unless, in
cases of indictments for misdemeanors, the reading shall
be waived by the accused by the nature of the charge
being made known to him, and he shall then be asked
whether he is guilty or not guilty of the offense
charged."

Under this statute, I do not see how the court, follow-
ing plain rules of construction, can do otherwise than
hold that it is the duty of the trial judge to see that the
defendant, accused of a felony, is arraigned, whether
he would waive it or not. Such in fact has been the
decision of this court in three cases, where the question
has been considered, the latest being *Burroughs v. State,*
94 Neb. 519. Until the rule is changed by legislative
act, the law as it is must govern the courts.

An act permitting waiver, as waiver is understood in
the law, would be reasonable. If, however, in order to
enforce the recent amendment to the Constitution
against saloons and drunkenness, the legislature should
go to the extremity of providing that, even in a case
like this, where, in the midst of a trial, the indictment
or information is changed so as to charge a different
offense from the one upon which the trial began, the
prosecution should be allowed still to proceed, denying
the defendant an opportunity to prepare his defense
against the crime then charged for the first time, then
we would have a case for the supreme court of the
United States, but not similar to the one relied upon for
the contention made in this case. In *Garland v. State
of Washington,* 232 U. S. 642, the supreme court of
that state, apparently in the absence of any statute upon
the subject, had decided that, under the law of the state,
defendant had waived formal arraignment upon the in-
formation. The only question before the federal su-
preme court was whether the due process of law amend-

ment to the Constitution had been violated. The court said: "Due process of law, this court has held, does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution"—and refused to hold that "the want of formal arraignment deprived the accused of any substantial right or in any wise changed the course of trial to his disadvantage," since, under the circumstances of the particular case, it could not be said that the accused was deprived of a substantial right. This is very far indeed from holding that the state would not have authority by express statute to require the accused, in a prosecution for felony, to be arraigned and hear the information read before the trial. If our statute is wrong in that respect, it devolves upon the legislature to change it.

I am not to be understood as saying that it is the attitude of any of the judges that extreme legislation of the sort mentioned in paragraph 3 above would be valid, nor that the procedure, in the instant case, in the trial court was proper.

LETTON, J., dissenting.

I again dissent from the statement of law in the fifth paragraph of the syllabus. Under certain circumstances the want of arraignment may be prejudicial error, but the defendant may by his conduct waive arraignment. Since the decision of *Burroughs v. State*, 94 Neb. 519, in which my former dissent was written, the supreme court of the United States has taken a forward step and overruled its former decisions in this respect, saying: "Technical objections of this character were undoubtedly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his own oath, and when the punishment of offenses,

even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts were disposed to require that the technical forms and methods of procedure should be fully complied with. But with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckham, speaking for the minority of the court in the *Crain* case, 162 U. S. 625. * * * Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the *Crain* case is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed, it is necessarily overruled." *Garland v. State of Washington*, 232 U. S. 642.

I believe this court should follow the example of that distinguished tribunal, and overrule its former decisions adhering to the idea that convictions of crime should be set aside for the lack of a mere formality.

DEAN and ALDRICH, JJ., concur in this dissent.