FRANK A. POPEL v. STATE OF NEBRASKA.

FILED DECEMBER 4, 1920.   No. 21670.

Criminal Law: ARRAIGNMENT. In a felony case, it is reversible error
to dispense with the arraignment of the accused, which is re-
quired by the statute (Rev. St. 1913, sec. 9092), and which, by the
plain meaning of the statute, the accused is not allowed to waive.

ERROR to the district court for Otoe county: JAMES
T. BEGLEY, JUDGE. *Reversed.*

*D. W. Livingston* and *W. F. Moran,* for plaintiff in
error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,*
contra.

FLANSBURG, J.

Defendant was convicted of the crime of arson, and
brings the case here for review.

The first error complained of is that the defendant was
not arraigned, in accordance with the provisions of the
statute. The record shows that he waived the reading of
the information and pleaded not guilty. Under prior
decisions of this court (*Burroughs v. State,* 94 Neb. 519;
*Barker v. State,* 54 Neb. 53; *Browning v. State,* 54 Neb.
203; *Wozniak v. State,* 103 Neb. 749), it is held that the
provisions of the statute (Rev. St. 1913, sec. 9092) re-
quiring arraignment must be complied with; that the ar-
raignment could not be waived; and that a failure to
follow the statute is fatal to the proceeding.

It is the contention of the state's attorney that we
should now overrule those decisions and that this case
should not be reversed, since it appears that the accused
had been served with a copy of the indictment several
months before the trial and had ample opportunity to
inform himself as to the charge made, and it is urged
that, since the accused was fully informed of the charge

made against him, the failure of the trial court to read to him the indictment was a failure to perform a mere formality, which would have protected no substantial right, and was, therefore, not reversible error.

The statute in question reads as follows: "The accused shall be arraigned by reading to him the indictment, unless, in cases of indictments for misdemeanors, the reading shall be waived by the accused by the nature of the charge being made known to him, and he shall then be asked whether he is guilty or not guilty of the offense charged."

It is manifest, as pointed out in our decisions above referred to, that it was the intention of the legislature, as gathered by implication from the wording of the statute, that the accused in felony cases should not be allowed to waive the reading of the information. The statute is not open to construction. It is clearly the provision of the statute that in felony cases the reading of the indictment cannot be waived. When the legislature says there shall be no waiver, can the court annul that mandate of the statute and say that nevertheless a waiver may be had? We think not. It was within the province of the legislature to require that the information be read to the accused in open court, in pursuance of its power to prescribe what things are essential to a fair trial. Where the information is not read to the accused in open court, it becomes a question of fact, depending upon other proof, as to whether or not he has been fully advised of the charge. An information must be prepared with precision and particularity. This would be a useless formality unless the exact contents of that document is fully made known to the accused. The requirement that the information be openly read to him settles the question of his exact knowledge of the charge beyond the peradventure of a doubt. It is a provision that is reasonable and easily complied with. The state's attorney argues that there is no prejudicial error, for the reason that the accused in this case knew the nature of the

charge being made against him. That, however, is a question of fact which the legislature evidently intended should be foreclosed by a reading of the information in open court.

At the time of the enactment of this provision, it was the general holding that a formal arraignment was an essential step in a criminal proceeding. At the common law an arraignment was essential, could not be waived, and its omission was fatal. The statute is simply an enunciation of that rule. It is true that many courts have departed from their former holdings that an arraignment cannot be waived, and have held that, where the charge is shown to have been fully made known to the accused, and where he proceeds to trial as if an arraignment had been made, he is not prejudiced by the omission of a formal arraignment, and such omission does not, therefore, affect his substantial rights, nor constitute reversible error. But, upon examination of those cases, it is disclosed that the statutes of the states where the decisions were rendered differ from our own, and, furthermore, in most, if not all, of those jurisdictions, statutes have been enacted providing that the trial, judgment, or the proceeding should not be affected by reason of any technical errors which have not affected the substantial rights of the accused. By such statutes, the courts are given authority to determine whether or not failure to take certain steps in the proceeding has prejudiced the defendant, and, therefore, whether such omissions constitute reversible error. In all of the following decisions the courts have had such authority from the lawmaking power: *Garland v. State,* 232 U. S. 642; *Hack v. State,* 141 Wis. 346, 45 L. R. A. n. s. 664; *Hudson v. State,* 117 Ga. 704; *People v. Weeks,* 165 Mich. 362; *State v. O'Kelley,* 258 Mo. 345; *State v. Reddington,* 7 S. Dak. 368; *State v. Cassady,* 12 Kan. 550; *State v. Straub,* 16 Wash. 111; *People v. Osterhout,* 34 Hun (N. Y.) 260.

The state's attorney relies especially upon the case of *Garland v. State, supra.* Under the federal statute there is no provision for an arraignment, no statutory inhibition against a waiver by the accused, and there is, furthermore, the statutory provision of the kind we have just mentioned, to the effect that the trial or judgment shall not be affected by technical errors which do not tend to the prejudice of the defendant.

In this state we have no such provision in our Criminal Code. This court has no authority to dispense with any of those steps in a criminal proceeding which the legislature has declared to be essential. Where a statute is merely directory, a failure to follow it is not reversible error, should it be determined that the accused is not prejudiced thereby. But where the statute is mandatory, the court can have no latitude of judgment in the matter, but must follow the provisions. We cannot depart from that well-grounded rule and sacrifice the stability of the law to the end of bringing about a desired result in any given case. For the court to adopt a rule of disregarding essential provisions of the statute, where it believes no prejudice results, is to substitute a court procedure in the place of that established by the legislature, and renders uncertain to what limit the court may exercise that freedom.

It is argued that this court has held in *Barker v. State,* 54 Neb. 53, and *Foster v. State,* 83 Neb. 264, that the defendant may waive the service before trial of a copy of the information upon him, and that if he can do this he can also waive arraignment. That argument loses sight entirely of the legal question here involved. Quite a different section of the statute provides for the serving of a copy of the information upon the accused, and by the terms of the statute the accused is given the right to waive such service, and by his own consent may proceed to trial without it. Rev. St. 1913, sec. 9080. The two statutes are so vitally different that those cases are not

only not controlling, but they do not have any logical bearing whatsoever upon the question here presented.

In *Hopt v. People*, 110 U. S. 574, the court said: "That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused, much less by his mere failure, when on trial and in custody, to object to unauthorized methods." By our statute a formal arraignment is made an essential step in a criminal proceeding, and it is a step based upon reason. As has been pointed out repeatedly in the former decisions of this court, hereinbefore referred to, until the legislature changes the law or grants permission to the court to determine when those steps now made essential may be disregarded in case no prejudice results, this court is not at liberty to dispense with those formal requirements.

The former decisions of this court are in line with the decisions of other courts (*State v. Donahue*, 75 Or. 409, 5 A. L. R. 1121; 16 C. J. 391, sec. 720), and are adhered to, and the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., not sitting.

LETTON, J., dissenting.

I feel it my duty to again dissent to the theory that no part of arraignment may be waived. In addition to the reasons adduced in the dissenting opinions in *Burroughs v. State*, 94 Neb. 519, and *Wozniak v. State*, 103 Neb. 749, 754, I submit the following in the hope that in time the court may adopt the views expressed in these dissents.

New trials are allowed in courts of law on statutory grounds. Section 9131, Rev. St. 1913, provides: "A new trial, after a verdict of conviction, may be granted on the application of the defendant for any of the following reasons *affecting materially his substantial rights*: First.

Irregularity in the proceedings of the court, or the prosecuting attorney, or the witnesses for the state, or any order of the court, or abuse of discretion, *by which the defendant was prevented from having a fair trial."*

Five other grounds are set forth in this section, none of which, however, apply to the situation under consideration. There is nothing in the Criminal Code specifying for what reasons a new trial may be granted by this court in error proceedings, but, so far as the writer is advised, judgments are never reversed and new trials are never granted in such proceedings unless one of the reasons set forth in section 9131 exists.

It will be noticed that the reason for which a new trial may be granted must be one "affecting materially his (defendant's) substantial rights," and that "irregularity in the proceedings of the court," in which category failure to have the information read to the accused falls, is not a ground for a new trial, unless by reason of the same "the defendant was prevented from having a fair trial."

In *Barker v. State,* 54 Neb. 53, the record failed to show that the accused was ever arraigned. The court said: "It is obvious that, in every case where a trial upon an indictment or information is required, a plea of not guilty must be entered by the court, since this is essential to the formation of the issue upon which the accused is tried." The case does not decide that, under such circumstances as in this case, the accused is entitled to a new trial. The *Barker* case and others to the same effect are not in point, because the accused here pleaded "not guilty," and an issue was thus created for the jury to pass upon. The majority opinion is a more extreme ex-ample of holding to mere form than the *Barker* or *Burroughs* cases, since here the accused had a copy of the information in proper season, and there was an arraign-ment and plea, incomplete in only one respect. The accused by his own express declaration waived the reading

of the charge, and thus caused or induced the omission of which he now complains.

The statute is as positive in its terms that requires the plea of the accused to be indorsed upon the indictment, but in *Preuit v. State,* 5 Neb. 377, it was held that the failure to do so was not prejudicially erroneous.

The language of Chief Justice Winslow in *Hack v. State,* 141 Wis. 346, is peculiarly applicable: "Surely the defendant should have every one of his constitutional rights and privileges, but should he be permitted to juggle with them? Should he be silent when he ought to ask for some minor right which the court would at once give him, and then when he has had his trial, and the issue has gone against him, should he be heard to say there is error because he was not given his right? Should he be allowed to play his game with loaded dice? Should justice travel with leaden heel because the defendant has secretly stored up some technical error not affecting the merits, and thus secured a new trial because forsooth he can waive nothing? We think not.

In 16 C. J. 392, sec. 720, it is said: "Moreover, many of the courts have departed from the old practice, even in cases of felony, and now permit an arraignment to be waived, not only by an express waiver, but also by acts equivalent thereto, as by voluntary pleading to the indictment or information without objection, or even without plea when it appears that defendant was present in person and by counsel, announced himself ready for trial, went to trial before a jury regularly impaneled and sworn, and submitted the question of guilt to their determination." Cases from 22 states are cited in support of the text.

Of course, if the facts in a case should show that the accused was not informed before trial of the nature of the charge against him, and that he had been convicted under such circumstances that a fair trial was not afforded him, the case would fall within section 9131, and a new trial would be granted; but where, as in this case,

nothing but the merest bare formality is omitted, and the accused has had every right which he would have had if he had made the same plea after a reading of the information, there is no sound reason why the labor of the courts, the inconvenience to the jurors of their enforced service, and the expense to which the commonwealth has been put should all be thrown away. Accused caused the omission by his own act and ought not now to be heard to complain. The courts are becoming more practical in their methods of procedure. This tendency should be fostered and encouraged by disregarding outworn and useless precedents of no practical aid in the administration of justice.