MIDWEST LAUNDRY EQUIPMENT CORPORATION, A
CORPORATION, APPELLEE, V. MAURICE BERG ET AL.,
APPELLANTS.

119 N. W. 2d 509

Filed February 1, 1963. No. 35349.

Ginsburg, Rosenberg & Ginsburg, Norman Krivosha, and Thomas E. Brogan, for appellants.

Young, Denenberg & Mullery and Moyer & Moyer, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal from an order of the district court overruling the defendants' motion to join an additional party as a defendant and an order dismissing the cross-petition of the defendants.

The amended petition alleged that the defendants, Maurice Berg and June Berg, entered into a written contract to purchase equipment from the plaintiff, Midwest Laundry Equipment Corporation, to be used in the operation of a coin-operated laundry; that the plaintiff had advanced $7,346.57 to the defendants by the payment of rent upon the property in which the laundry was to be operated, the expense of remodeling the rented property, and the first installment payment due under the contract; and that the defendants had agreed to reimburse the plaintiff for the amounts that had been advanced. A copy of the contract was attached to and made a part of the petition.

The defendants filed an answer and a cross-petition.

The plaintiff moved to strike the answer for the reason that it was not properly verified. The defendants then filed an amended answer and cross-petition and a motion to join Industrial Credit Company as an additional party defendant. The motion alleged that the contract for the purchase of the laundry equipment was held by Industrial Credit Company. The plaintiff moved to dismiss or strike the cross-petition for the reason that its subject matter did not pertain to or directly relate to the indebtedness alleged in the petition. The trial court overruled the motion to join the additional party defendant and dismissed the cross-petition but granted the defendants 10 days in which to plead further. The entry made in the trial docket at that time indicates that the trial court intended to sustain the motion to strike rather than dismiss the cross-petition. However, the entry in the journal is controlling and it recites that the cross-petition was dismissed. See, § 25-1318, R. R. S. 1943; Hornick, Hess & Moore v. Maguire, 47 Neb. 826, 66 N. W. 867.

The defendants filed a motion for new trial. The plaintiff moved to strike the motion for new trial. At the hearing upon the motion for new trial the plaintiff withdrew its objections to the sufficiency of the verification of the original answer and cross-petition. The trial court overruled the motion to strike the original answer and cross-petition, sustained the motion for new trial as to the original answer and cross-petition, and overruled the motion for new trial as to the order dismissing the cross-petition contained in the amended answer and cross-petition. The defendants then appealed to this court.

The assignments of error are that the trial court erred in overruling the motion to join an additional party defendant, and in dismissing the cross-petition.

At the time the motion for new trial was heard, an amended answer and cross-petition had been filed. An amended pleading supersedes the original pleading, and

thereafter the original pleading ceases to perform any office as a pleading. Woodworth v. Thompson, 44 Neb. 311, 62 N. W. 450; Smith v. Wigton & Whitham, 35 Neb. 460, 53 N. W. 374. Thus, the effect of the order of the trial court upon the motion for new trial was to leave the order dismissing the cross-petition in effect.

The amended answer contained a general denial and a specific denial that the defendants were indebted to the plaintiff for any amounts advanced as rent. It further alleged that the plaintiff falsely represented that the installation costs would not exceed $2,500; that no payments upon the contract would be required until 60 or 90 days after the laundry had begun operations; and that the first installment payment due under the contract, and paid by the plaintiff to Industrial Credit Company, could be repaid to the plaintiff at the end of the contract period. The amended cross-petition incorporated the allegations of the amended answer and further alleged that the contract for the purchase of the laundry equipment was not a time sales contract but was in fact a direct loan made by Industrial Credit Company and was void because it was in violation of the Installment Loan Act; that the plaintiff had falsely represented to the defendants that the down payment and installation costs would not exceed $4,394.98; that the total cost of the laundry would not exceed $20,461.30; that the receipts per month would average not less than $2,000; that the operating expenses per month including payments of $611 upon the contract would not exceed $1,386; that the defendants would receive an average profit of $614 per month; and that the defendants had been induced to enter into the contract by the false representations of the plaintiff and that the defendants had been damaged thereby. There were other allegations in the amended answer and cross-petition but the foregoing is a sufficient summary for the purpose of this opinion. The defendants prayed for judgment in the amount of $19,946.75 against the plaintiff and Indus-

trial Credit Company and that the contract be canceled.

The statute authorizes an answer to include a counterclaim when the counterclaim is one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action. §§ 25-812, 25-813, R. R. S. 1943. One who has been induced by fraud to enter into a contract may affirm the contract and maintain an action to recover the damages he has sustained or may set up such damages by way of defense or counterclaim. Rankin v. Bigger, 128 Neb. 800, 260 N. W. 202. "The adjustment of defendant's demand by cross-claim in plaintiff's action, rather than by independent suit, is favored and encouraged by law. Such practice serves to avoid circuity of action, multiplicity of suits, inconvenience, expense, unwarranted consumption of the court's time, and injustice." Indiana Harbor Belt R.R. Co. v. Alpirn, 139 Neb. 14, 296 N. W. 158. See, also, Louis Hoffman Co. v. Western Smelting & Refining Co., 150 Neb. 524, 34 N. W. 2d 889.

The transaction involved in this case was the sale and installation of laundry equipment in a rented building for the purpose of operating a coin-operated laundry. The defendants allege that they were induced to enter into the transaction by false representations of the plaintiff and that they have been damaged as a result of the false representations. The defendants had a right to assert their claim for damages as a counterclaim.

The defendants further allege that the contract for the purchase of the laundry equipment is in fact a direct loan by the Industrial Credit Company and is void. The defendants ask that the contract be canceled and that they recover certain amounts which they have paid to the Industrial Credit Company. A complete determination of the rights and liabilities of the defendants arising out of the contract for the purchase of

the laundry equipment cannot be made unless the Industrial Credit Company is brought into the action as a party defendant.

Any person "who is a necessary party to a complete determination or settlement of the question involved" in an action may be made a defendant. § 25-317, R. R. S. 1943. "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." § 25-323, R. R. S. 1943. "When it appears that a new party is necessary to a final decision upon the counterclaim, the court may either permit the new party to be made, by a summons, to reply to the counterclaim, or may direct the counterclaim to be stricken out of the answer and made the subject of a separate action." § 25-815, R. R. S. 1943.

The trial court should not have dismissed the counterclaim, but could have directed that the counterclaim be stricken from the answer and made the subject of a separate action. In that event, the Industrial Credit Company would not be a necessary party to this action. But, unless the counterclaim is made the subject of a separate action, the Industrial Credit Company is a necessary party and should be brought into the action.

The judgment of the district court is reversed and the cause remanded for further proceedings in conformity to this opinion.

REVERSED AND REMANDED.